## STROOPE *v.* STATE.

### Opinion delivered April 23, 1904.

TRIAL OF FELONY—GIVING INSTRUCTIONS IN DEFENDANT'S ABSENCE—In a felony case it is error for the judge, accompanied by the counsel on both sides, to enter the jury room after the cause has been submitted, and deliver to the jury additional instructions, without affording defendant, who was present in the court room, an opportunity to be present.

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*McMillan & McMillan,* for appellant.

It was error for the judge to go into the jury room. Sand. & H. Dig. § 2339, 2241; 70 Ark. 244; 76 Am. Dec. 694; 11 Am. Dec. 185; 1 Cow. 258; 8 Ind. 439; 45 Vt. 308; 14 Ohio, 511; S. & H. Dig. § 2555. The statute requires the personal presence

of the defendant. Sand. & H. Dig. § 2185, 2187; 24 Ark. 620; 44 Ark. 331; 50 Ark. 472; 30 Ark. 349; 19 Ark. 209; 24 Ark. 635; 5 Ark. 431; 62 Ark. 537; 52 Ark. 4; 146 U. S. 374; 1 Bl. Com. 133, 372.

*George W. Murphy, Attorney General,* for appellee.

BUNN, C. J. This is an indictment for removing mortgaged property. Trial and conviction, and judgment thereon, and defendant appealed to this court.

The only error insisted upon by defendant's counsel grows out of the following occurrence during the trial: "The cause was submitted to the jury, and afterwards the presiding judge, accompanied by the prosecuting attorney and the attorney for the defendant, but without the defendant, repaired to the jury room—the jury being therein in charge of an undersheriff—and there delivered to them certain instructions, which he had failed to give in open court, or which had occurred to the court or the parties, after the other instructions had been given, as proper to be given. The defendant was on bond, but had been in attendance upon the session of the court, and was still present in or about the court room, but was not invited or directed to attend the giving of said instructions in the jury room, as aforesaid.

The giving of instructions in a felony case is a material step in the trial, and, in the next place, the presence of the defendant as a rule, unless his absence is brought about by his own fault, is absolutely necessary when any material step is taken in such trial. Besides, the jury was in retirement under a sworn officer, presumably under the usual injunction to permit no one else to enter therein. And, finally, it is within the theory of judicial system that trials of the kind shall be in public; and this, of course, includes all material steps in the trial. It is not for the court to say that no harm was done in this way. No one can foresee or foretell whether there be harm in such case, or what the harm may be, if any. We are of opinion that this was error, for which the judgment following thereon should be reversed. This may seem to be overstrictness in the application of the rule governing such matters, but it is best to avoid the very approach of an evil. To permit a breaking over of the rule in one instance

is likely to set a precedent fraught with the greatest embarrassment in future cases.

Reversed and remanded for a new trial.