Mitchell *v.* State.

4316                                                    174 S. W. 2d 241

Opinion delivered October 4, 1943.

*Kenneth C. Coffelt,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

McHaney, J. Appellant was charged by information with the crime of grand larceny for the stealing of certain scrap iron, tires, etc., of the value of more than $10, the property of Roy Wilkinson, in Saline county. On a trial he was convicted and sentenced to one year in the penitentiary. On this appeal he relies for a reversal upon only one ground assigned in his motion for a new trial, No. 4, as follows: "Because the court erred in allowing the statement given by defendant to the sheriff, at the time of his arrest, to be entered as evidence, over the

objections of defendant's attorney that defendant could neither read nor write and could not understand the wording of the statement when it was read to him.''

Shortly after his arrest appellant confessed his guilt of the charge to the sheriff who reduced it to writing and appellant signed it. He did not deny making the statement, but only that he did not remember it. He admitted that he signed it, but said he did not understand it. He testified he could not read or write, except to sign his name, and his counsel now contends that, because he cannot read or write, the statement or confession of guilt cannot be used against him. Also it is further contended that the statement shows on the margin that it was dictated and later reduced to writing, all in the presence of defendant, and that the person who took the dictation and transcribed the statement was the only proper person to identify and introduce it. As to this latter contention, it would be a sufficient answer to say that the original of the statement is not in the record and the copy before us does not show that it was dictated to or transcribed by another. But even so, the sheriff, to whom the statement was made and who dictated it, was competent to and did identify and introduce it, and the objection to it was not based on such ground. The only objection to it was that appellant could not read or write, and, therefore, did not understand it.

While illiteracy is a great misfortune, it does not mean insanity, and does not constitute a defense to crime or render a confession of guilt, otherwise unobjectionable, inadmissible in evidence against him. He says he did not understand all the matter in his written confession, but his cross-examination regarding it shows he did understand it. His own testimony, both on direct and cross-examination, shows that he is a man of reasonable intelligence. While he was out of custody on bail, awaiting trial, he worked as a carpenter at the Japanese Relocation Center at Rohwer and earned $1 per hour as such. A reading of his testimony convinces us, as it no doubt did the trial court and jury, that his asserted lack of intelligence is assumed and not real.

As stated above, the defense of insanity was not offered. The question of his sanity was not an issue and, therefore, the provisions of § 11 of Initiated Act No. 3 of 1936 (Acts 1937, p. 1284), § 3913, Pope's Digest, have no application here.

Affirmed.