J. C. BELL *v.* STATE of Arkansas

CR 79-185                                    598 S.W. 2d 738
Supreme Court of Arkansas
Opinion delivered May 19, 1980

86

*Leon N. Jamison*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. This is an appeal from a post-conviction proceeding in the Circuit Court of Jefferson County pursuant to Rule 37 of the Rules of Criminal Procedure. We agree with the trial court that the allegations of appellant are without merit.

On March 25, 1974, appellant was found guilty by a jury of capital felony murder and sentenced to life imprisonment without parole for his part in the robbery and killing of a Pine Bluff shoe store owner. After conferring with his parents and court-appointed counsel, appellant chose not to appeal the conviction. However, on September 23, 1975, appellant filed a Rule I Petition (now termed Rule 37 Post-Conviction Proceedings and Relief) in the Jefferson County Circuit Court alleging he was denied due process and equal protect-tion of the law guaranteed by the 14th Amendment to the United States Constitution. He made many allegations of error but after two amendments of his petition, his main contention is that he was not given a fair trial due to ineffective assistance of counsel. The petition was denied by the trial court on the same date without a hearing, but we reversed on appeal and remanded the cause to the circuit court for an evidentiary hearing. The hearing was initiated on October 6, 1977, and finally concluded after several delays, on June 13, 1979, with the denial of appellant's petition. The inordinately long delay was mainly due to a change of counsel required by

the appointment of appellant's attorney to the judiciary, and the destruction of the court reporter's notes during a fire at the Jefferson County Court House. Appellant brings this appeal from the post-conviction hearing, alleging that the court erred in not reversing his conviction due to ineffective assistance of counsel at the original trial, and due to failure of the court at the original trial to require strict compliance with the statute governing pre-trial psychiatric examinations. He also alleges that another Rule 37 hearing should be held due to the failure of that court to disqualify the Chief Deputy Prosecutor from participation in appellant's post-conviction hearing.

Appellant contends that he was denied effective assistance of counsel due to the short period of time between his arrest and trial. Appellant was brought to trial 44 days after the commission of the crime with which he was charged. He contends that due to his counsel's inexperience in the criminal law field, 44 days was not sufficient time for adequate trial preparation. Although appellant's attorney filed a motion five days before trial seeking a six month continuance, a full review of the record just does not support appellant's contention. Appellant's trial counsel conferred with his client 10 to 15 times, made numerous pre-trial motions, questioned the state's key witnesses prior to trial and, according to the attorney's testimony at the Rule 37 hearing, did everything he could think to fairly represent appellant at trial. While counsel testified that because of time considerations he was unable to interview all of the witnesses called by the State, he added that he did not feel it necessary to interview many of them due to the nature of their testimony. He went on to say that nothing that happened at the trial surprised him, and that he did not know of anything else he could have done in preparation for trial.

Appellant also contends that his trial counsel was ineffective due to counsel's failure to object to the report of the psychiatrist who examined appellant prior to trial. The report indicated that appellant was without psychosis at the time of the examination, but did not mention the probable mental condition of appellant at the time of the commission of the offense. Trial counsel testified at the post-conviction

hearing that he requested the mental examination merely for delay and that he never doubted appellant's mental condition. The psychiatrist also testified at the hearing and explained that his written report meant that it was improbable that the appellant was psychotic at the time of the alleged crime.

We will presume, in the absence of a contrary showing, that a duly licensed attorney is competent. A charge of inadequate representation can prevail only if the acts or omissions of an accused's attorney result in making the proceedings a farce and a mockery of justice, shocking the conscience of the court, or the representation is so patently lacking in competence or adequacy that it becomes the duty of the court to be aware of and correct it. *Leasure* v. *State*, 254 Ark. 961, 497 S.W. 2d 1 (1973); *Deason* v. *State*, 263 Ark. 56, 562 S.W. 2d 79 (1978), cert. denied in 439 U.S. 839. Mere errors, omissions or mistakes, improvident strategy or bad tactics are not sufficient to establish ineffective assistance of counsel; the accused must show that he was actually prejudiced by them to prevail on such a claim. *Leasure* v. *State*, supra; *Deason* v. *State*, supra. The representation provided appellant by his appointed counsel cannot be characterized as ineffective under these standards, but to the contrary, a review of the trial transcript evidences quite capable representation including very astute and vigorous cross-examination of the state's principal witnesses.

Appellant next contends that the trial court erred in not reversing his conviction due to the fact that the report of the psychiatrist who examined him was not prepared in accordance with Ark. Stat. Ann. § 43-1301 (Repl. 1977). As this point was not objected to at trial and as it involves no deprivation of constitutional rights, we will not consider the question for the first time on an appeal from a Rule 37 hearing. *Todd* v. *State*, 253 Ark. 283, 485, S.W. 2d 533 (1972).

Appellant's final point of error is that Fred Davis, the Chief Deputy Prosecutor, should not have participated in the Rule 37 hearing, and that another hearing should be required. The record reflects that prior to becoming Chief Deputy Prosecutor, Mr. Davis had represented one of the

codefendants charged with the same crime for which appellant was tried. Apparently Davis met briefly on one occasion with appellant to discuss what his testimony might be if he were called to testify in the trial of Davis' client. We will not consider assignments of error presented in a brief unsupported by convincing argument or authority, unless it is apparent without further research that they are well taken. *Dixon* v. *State*, 260 Ark. 857, 545 S.W. 2d 606 (1977). As appellant makes no showing of prejudice from the participation of Davis in the hearing, we cannot say that it is apparent that the point is well taken.

Although not raised by appellant as a point on appeal, he argues in his brief that he was denied due process by excessive pre-trial publicity. An examination of the exhibits indicates no unusual media coverage of the murder or the events preceding trial. The appellant did not seek a change of venue, and we cannot say the court was in error in finding no merit to appellant's contention.

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the results of this case, but I would hold that it was error to allow the deputy prosecuting attorney, Fred Davis, to participate in the Rule 37 hearing. There is an appearance of impropriety in allowing any attorney to switch from one side to the other at any stage of any case. However, in this case I feel it was harmless error due to the circumstances involved. It is just not a good idea to allow an attorney to switch sides and will, in most cases, result in prejudicial error.