HOLIDAY INNS, INC. *v.* Mary DREW

82-57                                              635 S.W.2d 252

Supreme Court of Arkansas
Opinion delivered June 21, 1982

*Bridges, Young, Matthews, Holmes & Drake,* for appellant.

*Holloway & Bridewell,* for appellee.

THOMAS M. BRAMHALL, Special Justice. On the morning of November 14, 1975, Appellee, Mary Drew, drove from her home in Lake Village, Arkansas, to Appellant, Holiday Inn, in West Memphis, Arkansas, to join some friends who were registered there and attending a teacher's conference in one of Appellant's meeting rooms. She and one of her friends planned to leave the Holiday Inn as soon as the conference was over and travel to Memphis to do some

personal shopping. Mrs. Drew arrived in West Memphis on the morning of the day in question and she and her friends had lunch at an unspecified location. Her friend had another meeting to attend that afternoon and they planned to leave for Memphis immediately thereafter. Mrs. Drew decided to attend the meeting with her friend rather than sit in the lobby and wait for her. In order to effect a quick departure, she was going to reserve some seats at the back of the meeting room while her friend checked out of the motel.

The room in which the meeting was held was immediately adjacent to the lobby. In route to the meeting room she noticed an employee of the motel vacuuming the lobby, and she also saw some acquaintances sitting on a couch. This couch was in the lobby and the furniture was arranged in such a way that one of the couches was away from the wall and it made sort of an entry to the meeting room. Near the wall was a table, and Mrs. Drew was heading between the couch and the table. As she turned to speak to her friends, her leg became entangled in the vacuum cleaner cord causing her to trip and fall. She hit her chest on a table and her knees on the floor. The jury returned a verdict of $75,000.00 against Holiday Inn which promptly appealed.

Approximately six weeks after the trial, the parties were notified that the court reporter's recording equipment had malfunctioned, and it was uncertain how much, if any, of the transcript would be reproducible. In November of 1981, more than six months after the trial, the incomplete transcript was given to the parties. The bench conferences, arguments concerning jury instructions, all motions made outside the hearing of the jury, some objections by counsel, and parts of the testimony of the witnesses were not recorded and thus not available to the attorneys or this court.

The parties and the trial judge attempted to reconstruct what occurred during the periods of time not recorded pursuant to Rule 6 of the Arkansas Rules of Appellate Procedure. Suffice it to say, substantial disagreement as to the events that transpired and statements made has evolved. The most notable disagreement centers around the events which surround the proffering of proposed jury instructions

by the parties and the subsequent reading of the instructions to the jury.

On March 5, 1982, eleven months after the trial, the trial judge entered an order pursuant to Rule 6 of the Arkansas Rules of Appellate Procedure, which order provides in part as follows:

> After all evidence has been presented, the Court and counsel retired to chambers to consider instructions. Counsel for Appellant attempted to offer certain instructions presumably AMI 206, 602 and 1106. The Court told counsel that the standard preliminary instructions should be selected and agreed upon and told counsel for Appellant that the Court would consider his proffered instructions after the standard instructions had been approved by the Court. At this point, counsel for Appellant stated these exact words or words to this effect, 'I don't care if you give these instructions or not.' The Court proceeded to assemble the instructions which were given and counsel for Appellee submitted his but counsel for Appellant failed to resubmit his instructions to the Court for the Court's acceptance or rejection.
>
> Before counsel and the Court returned to the courtroom, it was agreed by the parties and the Court that the parties would be able to make any and all objections to the giving or rejection of instructions after the case was submitted to the jury.
>
> Instructions were read to the jury and the case was argued. After the Court had instructed the jury, counsel for Appellant approached the bench and complained that the Court had not given Appellant's instructions. The Court at this time informed counsel for Appellant that the instructions in question had not been resubmitted in accordance with the Court's directions after having been withdrawn. (S 1-2)

Appellant argues, *inter alia,* that the record is defective and does not afford proper review by this court and the inadequate record is a ground for reversal. We agree.

The trial court, in its effort to settle the record, said that Appellant had not resubmitted its instructions in accordance with the court's direction after the instructions had been withdrawn. The finding that Appellant's instructions had been withdrawn is a conclusion reached by the trial court as distinguished from a recitation of the events which occurred and the facts surrounding the proffering of proposed jury instructions by the attorneys. The trial court did say that counsel for Appellant "attempted to offer" certain instructions, at which time the court told counsel for Appellant that the court would consider his proffered instructions after the standard instructions had been approved by the court. At that point the Appellant is quoted by the trial court to have said, "I don't care if you give these instructions or not." Based upon this statement, the trial court reached the conclusion that Appellant's counsel had withdrawn his proffered instructions and this court is of the opinion that this conclusion is erroneous.

Ark. Stats. Ann. 22-351 and 22-352 place an affirmative duty on the trial court to provide an adequate record for review by the appellate courts of this state. Therefore, in a case such as this where there is virtually no record of the proceedings conducted out of the presence of the jury due to a malfuncton of a recording device and the record is inadequate for appellate review, this court can do nothing other than remand the case for a new trial. By this ruling we do not wish to imply that Rule 6 of the Arkansas Rules of Appellate Procedure is not an effective tool with which to correct or reconstruct a record. We are saying that when a record cannot be settled pursuant to that rule, reversible error exists.

There is other error which forms a basis for reversal of this case which this court feels should be discussed since the case is remanded and these issues probably will again arise in the trial court.

Appellant contends the failure of the court to give AMI 206, which instructs the jury on the issue of negligence on the part of Appellee, is error. As stated above, this court is of the opinion that counsel for the Appellant did in fact offer

certain instructions, including AMI 206, and the statement attributed to Appellant's counsel to the effect that he did not care if the court gives these instructions or not does not constitute a withdrawal or a waiver of the giving of this instruction. It should be noted that the instructions proffered by Appellant were described by the court reporter as having been offered and the only issue was whether the instructions had been refused by the trial court or had been withdrawn by Appellant. The negligence of Appellee was specifically pled as a defense in Appellant's answer and the Appellant in its examination of the witnesses at the trial generated some testimony that would allow a jury to find that Appellee was guilty of negligence in failing to see the vacuum cleaner cord so as to avoid tripping on it. However, the jury only received AMI 203, which placed the negligence of the Appellant in issue without the corresponding issue of the Appellee's own negligence as a proximate cause of her injuries. The bracketed paragraph at the end of AMI 203 was not given. This paragraph is only given when affirmative defenses such as negligence of a claimant or assumption of the risks are not in issue. It is at this point that AMI 206 pertaining to affirmative defenses such as negligence on the part of a party claiming damages should be given. However, based upon the record in this case the instruction was refused by the trial court.

In its argument that the court's refusal to give AMI 206 was error, Appellant relies on *Beevers, Adm'x.* v. *Miller,* 242 Ark. 541, 414 S.W.2d 603 (1967), which was a wrongful death action brought on behalf of a decedent who was a passenger in a truck driven by Goodwin. The Administratrix alleged that Appellee drove his truck negligently, forcing Goodwin to swerve his vehicle off the road to avoid a collision with him, thereby causing the death of the decedent. Appellee defended on the grounds that Goodwin was negligent, and there was some evidence to support that defense. Appellant contended the trial court erred in failing to give AMI 502, which is the instruction on concurring proximate causes and Appellee contends there was no error because the content of AMI 502 was covered by the Court's instructions AMI 501 and AMI 503. This court said:

As earlier pointed out, the pleadings show clearly that appellee's defense was largely based on a contention that appellant's damage was caused solely by the negligence of Goodwin. He did not plead negligence by her decedent, nor did he assert that negligence of Goodwin should be imputed to him. Consequently, the jury should understand clearly that appellant was entitled to a verdict if it found appellee guilty of negligence which contributed as a cause, however slightly, to appellant's damage, even though they might have thought that the negligence of Goodwin was a far greater contributing cause. With the issues so presented, Goodwin not having been made a third party defendant, it was imperative that the jury be told that Goodwin's negligence constituted no defense unless they found it to be the sole proximate cause. We do not think that the instructions given by the court made this clear. It was essential to do so in order to give the jury a clear understanding of the governing legal principles, particularly in a case submitted for a general verdict. Speculation as to the failure to make Goodwin a party would have been eliminated as a possible factor in the verdict.

*Even if the court's general instructions could be said technically to have covered the matter in a general way, it is error to refuse to give a specific instruction correctly and clearly applying the law to the facts of the case, even though the law in a general way is covered by the charge given, unless it appears that prejudice has not resulted. (Emphasis added.)*

*Beever, supra,* at 546-47 (citing past Arkansas cases).

In the case at bar the issue of negligence on the part of Mary Drew was raised in the pleadings and developed by the testimony. However, as previously stated, the jury simply received AMI 203, which required that the jury find: First, that Appellee sustained damages, second, that Appellant was negligent, and third, that such negligence was a proximate cause of Appellee's damages. Thereafter, the jury was instructed by the giving of AMI 2102, which is the comparative negligence instruction. The Appellee argues

that the giving of AMI 2102 to the jury covered the issue of the Appellee's negligence and therefore the Appellant was not prejudiced by the jury not receiving AMI 206. We cannot agree. Although AMI 2102 does explain what the jury should do after it has determined if one or both of the parties are negligent, this court feels the failure to give AMI 206 constitutes reversible error for the reason that nowhere throughout the other instructions can be found an explanation by the court that one of the issues involved in the case is the affirmative defense of negligence on the part of Appellee.

This Court in *Beevers, supra,* stated that a lawyer, of course, understands that the charge of the judge was intended to convey a particular idea; but the jurors are not usually learned in the law, and that in the absence of the specific instruction covering the particular point, the jury may become confused. The court stated that it was not saying the jury did take the confused view of the law, but simply that they might have so concluded.

Another argument that presents itself is that during the argument of this case to the jury, Appellant's counsel would have well covered this point. We feel certain counsel for Appellant would have argued this point since without the court having given the proper instruction this would be Appellant's only recourse. We said in *Beevers, supra,* at 548-49, quoting *St. Louis & S.F.R Co.* v. *Crabtree,* 69 Ark. 134, 62 S.W. 64 (1901),

> [J]urors are not required to take the law from counsel, and it was putting an undue burden upon the defendant company to compel it to rely upon convincing the jury as to the proper view of the law by an argument of its attorney. If the sympathies of the jury happen to be with the other side, that might be difficult to do, and might be too heavy of a task even for the most gifted attorney. It is a burden that the law does not impose, for it is the duty of the judge to instruct; and each party has the right to have the jury instructed upon the law of the case clearly and pointedly, so as to leave no ground for misapprehension or mistake.

*Beevers, supra,* at 549, then cites numerous past decisions of this court for our declaration that:

> A reversal must follow the refusal of a proper instruction, unless it affirmatively appears that no injury resulted. ... Although the court is not required to give correct instruction offered when the instructions given explicitly, clearly, fully and fairly cover the matter requested, we cannot say that prejudice to Appellant did not result in this situation.

For the reasons set out above, the trial court's refusal to give AMI 206 was erroneous.

Appellant contends the trial court erred by finding as a matter of law that Mary Drew was a business invitee. Testimony at the trial established the fact that Appellee was not a registered guest at the Holiday Inn and not a registered participant at the meeting conducted on the Holiday Inn premises. There is testimony in the record of this case that Appellee had lunch with her friends, but there is no testimony in the record to tell us whether Appellee and her friends ate lunch on the premises of the Holiday Inn. Suffice it to say, there are facts that would support a finding by the jury that Appellee was a licensee on Appellant's premises. Conversely, there are also facts that would seem to indicate Appellee was an invitee. We are aware of the decision in *Little Rock Land Company* v. *Raper,* 245 Ark. 641, 433 S.W.2d 836 (1968), in which case we held a wife who was accompanying her husband to a doctor's office in a building was an invitee. Mrs. Raper was unquestionably in the building for a purpose benefiting the owner. In the present case, there is some evidence that Mary Drew was on the premises for her own personal convenience, and we find this evidence is sufficient to warrant submission of this issue to the jury. We are simply not willing to say that one lawfully on the premises of an innkeeper is an invitee as a matter of law under every conceivable circumstance.

Finally, appellant contends it was error for the court to submit the issue of whether the injury of appellee was temporary or permanent to the jury. This court has re-

peatedly held that evidence must tend to establish permanency with reasonable certainty. It must not leave the jury to speculation or conjecture. *Welter* v. *Curry*, 260 Ark. 287, 539 S.W.2d 264 (1976); *Midwest Bus Lines* v. *Williams*, 243 Ark. 854, 422 S.W.2d 869 (1968); *Missouri Pacific Transp. Co.* v. *Kinney*, 199 Ark. 512, 135 S.W.2d 56 (1939). None of the physicians who testified in this case indicated appellee's injuries were permanent in nature. We have held on occasions that a particular injury in and of itself may be sufficient to submit the issue of permanency to a jury even in the absence of medical testimony to that effect. *Duckworth* v. *Stephens*, 182 Ark. 161, 30 S.W.2d 840 (1930). The injuries of appellee do not meet that criterion.

Reversed and remanded for a new trial.

HOLT, J., not participating.