KENTUCKY *v.* STINCER

No. A–274 (86–572).   Decided October 15, 1986

JUSTICE SCALIA, Circuit Justice.

I doubt the conclusion of the Kentucky Supreme Court that the Confrontation Clause of the Sixth Amendment gives an accused child molester the right to be present at the hearing inquiring into the competency of his child victim to testify.   I see, moreover, at least a "fair prospect" that a majority of this Court would find that conclusion erroneous.   See *Rostker* v. *Goldberg*, 448 U. S. 1306, 1308 (1980) (BRENNAN, J., in chambers).   However, approximately one month after this case was decided the Kentucky Legislature enacted a statute providing specific procedures for securing the testimony of young victims of sexual abuse.   See Ky. Rev. Stat. § 421.350 (Supp. 1986).   The Supreme Court of Kentucky has upheld the validity of that statute, even though it does not require presence of the accused at the competency hearing.   See *Commonwealth* v. *Willis*, 716 S. W. 2d 224 (1986). Since, therefore, it is unlikely that the issue presented by this case will arise again in Kentucky, and since I am unaware of any other State which has resolved the issue as did the Kentucky Supreme Court, see, *e. g., State* v. *Taylor*, 103 N. M. 189, 195, 704 P. 2d 443, 449 (App. 1985); *Moll* v. *State*, 351 N. W. 2d 639, 644 (Minn. App. 1984); *People* v.

*Breitweiser*, 38 Ill. App. 3d 1066, 1067–1068, 349 N. E. 2d 454, 455–456 (1976); *State* v. *Ritchey*, 107 Ariz. 552, 555, 490 P. 2d 558, 561 (1971), I cannot discern "a 'reasonable probability' that four Justices will . . . [vote] to grant certiorari . . . ." *Rostker* v. *Goldberg, supra*, at 1308 (citations omitted). The application for stay of the Commonwealth of Kentucky is accordingly

*Denied.*