J.C. BELL *v.* STATE of Arkansas

CR 86-180                                        757 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered October 10, 1988
[Rehearing denied November 7, 1988.*]

---

*Newbern, J., would grant rehearing.

Sandra Tucker Partridge, for appellant.

Steve Clark, Att'y Gen., by: David B. Eberhard, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was sentenced to life without parole after being convicted of capital felony murder. He makes nine arguments for reversal. Finding no prejudicial error, we affirm the conviction.

This case is quite unusual in that we are considering the direct appeal some fourteen years after the conviction. Meantime, the appellant filed a petition for relief pursuant to A.R.Cr.P. Rule 37, which was denied by the trial court after a hearing. The denial of the petition was subsequently affirmed by this court. See J.C. Bell v. State, 269 Ark. 85, 598 S.W.2d 738 (1980). The appellant then took action in the federal courts which

resulted in the present direct appeal in this court. See *Bell* v. *Lockhart*, 795 F.2d 655 (8th Cir. 1986).

The parties to this appeal have been presented with many obstacles in obtaining a complete record. Some of the proceedings were never recorded. To add to the problem in this case, the Jefferson County Courthouse burned on April 28, 1976, and the court reporter died on April 21, 1986. Pursuant to Ark. R. App. P. Rule 6(d), the trial court held a hearing in August, 1987, to settle the record on appeal.

The appellant was charged with first degree murder in an information filed on February 11, 1974. An amended information was filed on March 20, 1974, five days before trial, charging the appellant and two others with capital felony murder.

The first argument presented for reversal is that the appellant cannot obtain an adequate record to properly pursue this appeal, and is therefore entitled to a new trial. The exhibits which were introduced at the trial were burned in the courthouse fire, and there are no transcriptions of hearings held on several pretrial motions. (The entries on the docket sheet clearly establish that hearings were held on some of these motions and the record does contain a transcription of the hearing on the motion to suppress the appellant's confession.) Additionally, the opening statements and closing arguments were not recorded.

We do not consider the absence of these materials to be prejudicial to the appellant. The exhibits are adequately described in the transcript which has been lodged in this court; moreover, with the exception of the hearing on the motion to suppress, no one recalls anything about the hearings held on the other motions. At the time of appellant's trial, Ark. Stat. Ann. § 22-352 (Repl. 1962), required that if either of the parties or the court wanted these proceedings recorded, a request must be made at the time of the proceedings. Neither the court nor the parties requested that these hearings and arguments be recorded. (This statute was omitted from the present code.) Meantime, we have held that the responsibility of keeping a complete record is that of the trial court. See *Holiday Inns, Inc.* v. *Drew*, 276 Ark. 390, 635 S.W.2d 252 (1982). Even so, the attorneys for the parties cannot abandon their responsibility as officers of the court to assist in preserving the record of the proceedings for review.

■ The record in this case is adequate to inform us of what transpired at the hearings and the trial. It was not the fault of either the state or appellant that the exhibits burned in the courthouse fire. The case is most unusual in regards to the record, but we hold that the appellant has not demonstrated prejudice resulting from the state of the record. See *Johnson v. State*, 289 Ark. 589, 715 S.W.2d 441 (1986); and *Williams v. State*, 275 Ark. 356, 629 S.W.2d 302 (1982).

■ Bell's second argument is that there was insufficient evidence to convict him of capital murder. On appellate review we view the evidence in the light most favorable to the appellee. *Williams v. State*, 281 Ark. 387, 663 S.W.2d 928 (1984).

The appellant's confession was introduced at the trial. An accomplice, Timothy Armstrong, testified that he drove the appellant and a third party to the crime scene and then drove them away after the robbery. A witness testified that he saw two men enter the store where Mr. Allen was killed about the time of the murder, that one of the men was wearing a big black hat, and that the two men exited the store by a side door. The witness' wife called the police, who came to the scene and found Mr. Allen's body. Another witness testified he heard strange noises coming from the victim's shoe shop and noticed two men leaving the store at that time. A third witness testified that he observed a vehicle fitting the description of Armstrong's vehicle parked near the scene. Three men were in the car when he first observed it, and two of them subsequently got out and went into Mr. Allen's store and returned about fifteen minutes later. This witness also said one of the men was wearing a big black hat. A fourth witness testified that he saw a vehicle fitting the same description parked on a street near the store with a man sitting in it.

When the appellant was picked up shortly after the crime was committed, he was wearing a large black hat and had a .38 caliber pistol in a shoulder holster. Two empty shells and four live rounds of ammunition were in the pistol at that time.

The pathologist testified that the victim was killed with two gunshot wounds to the head and that the injuries were consistent with .38 caliber pistol bullets. The state's ballistic expert testified that a bullet removed from the victim's head was from a .38 caliber pistol. The test on the bullets fired from the appellant's

gun were inconclusive due to the mutilated condition of the bullet taken from the victim's body.

■ Aside from the appellant's confession and the accomplice's testimony, there is substantial evidence to support the verdict of the jury.

For his third argument, the appellant contends that the trial court erred in denying his pretrial motion for a continuance and for his commitment to the Arkansas State Hospital for a mental examination. The motion stated "[t]hat the defendant intends to raise the defense of insanity both at the time of the commission of the alleged felony and at the time of trial, and that he hereby requests this court to order an examination by the Arkansas State Hospital for nervous diseases . . . ." The trial court refused to grant a continuance. The request for commitment was effectively denied because instead of committing the appellant to the Arkansas State Hospital, a fully staffed hospital in Little Rock, the trial court ordered either of two medical doctors at a local mental health clinic to examine the appellant to determine if there were reasonable grounds to believe the appellant was insane. See Ark. Stat. Ann. § 43-1301 (Ark. Code Ann. §§ 16-86-102 through 105 (1987)). It is undisputed that the appellant was not present for the hearing on this motion, if such a hearing was in fact held. The appellant contends that holding a hearing on the motion in his absence was prejudicial.

■ We have long held that an accused has the privilege of being present in person and by counsel whenever any substantial step is taken in his case. *Brown* v. *State*, 24 Ark. 620 (1867); *Whittaker* v. *State*, 173 Ark. 1172, 294 S.W. 397 (1927). There are two very basic reasons for our holdings: (1) the right of an accused to be heard; and (2) the right of an accused to confront his accusors. The right to be heard and the right to confront are guaranteed by the Sixth Amendment to the Constitution of the United States. *Faretta* v. *California*, 422 U.S. 806 (1975), and Ark. Const. art. 2, § 10; *Bearden* v. *State*, 44 Ark. 331 (1884). In addition, the Due Process Clause of the Fourteenth Amendment gives an accused the right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder* v. *Massachusetts*, 291 U.S. 97, 105-106 (1934). The

United States Supreme Court recently stated: "Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to the outcome if his presence would contribute to the fairness of the procedure." *Kentucky* v. *Stincer*, 479 U.S. 1303, 107 S.Ct. 7 (1986).

In *Faretta* v. *California*, supra at 819, in discussing the Sixth Amendment, the court stated:

> The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be "informed of the nature and cause of the accusation," who must be "confronted with the witnesses against him," and who must be accorded "compulsory process for obtaining witnesses in his favor." Although not stated in the Amendment in so many words, the right to self-representation — to make one's own defense personally — is thus necessarily implied by the structure of the Amendment.

Of less importance, but still significant, Ark. Code Ann. § 16-89-103(a)(1) (1987) provides: "If the indictment is for a felony, the defendant must be present during the trial."

We have held that a substantial step in the case was taken in the absence of the accused, and reversal was required, when the names of jurors were placed in a box and witnesses were sworn and put under the rule, *Bearden* v. *State*, 44 Ark. 331 (1884); testimony is taken, *Bennett* v. *State*, 62 Ark. 516, 36 S.W. 947 (1896); instructions were reread, *Kinnemer* v. *State*, 66 Ark. 206, 49 S.W. 815 (1899); and the judge went into the jury room, *Stroope* v. *State*, 72 Ark. 379, 80 S.W. 749 (1904). A hearing on a motion for a continuance and for commitment to the state hospital in preparation for a possible insanity defense is a substantial step in the case, and the appellant's presence would unquestionably contribute to the fairness of the procedure.

When a significant step in the case is taken in an accused's absence, the case must be reversed, if it appears that he has lost an advantage or has been prejudiced by reason of a step taken in his absence. The reason for the rule is to secure to the accused a full and adequate defense at his trial. Where there is no

possibility of prejudice, there is no reason for requiring the presence of the defendant. *Bearden* v. *State*, 44 Ark. 331 (1884). This harmless error rule refers, for example, to a case where the trial judge, in the defendant's absence, admonished the jurors not to speak to anyone about the case until after the case was submitted to them, *Whittaker* v. *State*, 173 Ark. 1172, 294 S.W. 397 (1927), and where the trial judge granted the defendant's motion in his absence. *Polk* v. *State*, 45 Ark. 165 (1885); *Bond* v. *State*, 63 Ark. 504, 39 S.W. 554 (1897).

Whether to grant a continuance is within the sound discretion of the trial court. In the absence of abuse of that discretion this court will not reverse. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987); and *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1987). It is the appellant's burden to demonstrate abuse of that discretion. Without the benefit of testimony and other information developed at the Rule 37 hearing, we might have reached a different conclusion. However, that evidence is before us. (See the opinion we rendered affirming the denial of the Rule 37 petition. *Bell* v. *State*, 269 Ark. 85, 598 S.W.2d 738 (1980).) Bell's trial counsel testified at the Rule 37 hearing that nothing during the trial surprised him and that he did not know of anything else he could have done in preparation for the trial even if the continuance had been granted.

The trial was held unusually soon after the crime. Ordinarily a trial court's docket prevents holding a trial so quickly. However, one goal of the courts is to pursue a speedy trial, and this goal is consistent with the best interests of the accused and society. Had the defense attorney testified that he did not have enough time to prepare for the trial, or that there were vital witnesses he could not interview within the time frame, the denial of the motion for a continuance might well have constituted an abuse of discretion. A speedy trial is desirable and proper so long as it does not prevent the appellant and the state from receiving a fair trial. We cannot establish a minimum time for holding trials because each case must stand upon its own circumstances.

The appellant was entitled to be present at the hearings on his pretrial motions. His presence was waived, however, by his failure to specifically request such hearings or to request that he be present when the motions were considered. At

the time of the trial, rules of circuit and chancery courts were in effect. Rule 2(e) stated: "Unless a hearing is requested by counsel or is ordered by the court, a hearing will be deemed waived and the court may act upon the matter without further notice 5 days after the time for reply has expired." In *Fountain* v. *State*, 269 Ark. 454, 601 S.W.2d 862 (1980), we held that all bench and in-chambers conferences taking place during the trial must be recorded. Although a desirable practice, this case does not hold that hearings on pretrial motions must be recorded. There is no evidence that the appellant or his attorney, or anyone else, requested that these motions be heard and reported. The appellant had an absolute right to demand to be present at the hearings on his motions, but did not do so. Therefore this argument was not preserved for appellate review.

The appellant also contends that it was prejudicial error to allow the amendment of the information only five days before trial. He was originally charged with first degree murder in the perpetration of aggravated robbery. At the time, first degree murder was punishable by life imprisonment. Ark. Stat. Ann. § 41-1502. Five days before the trial, the state moved to amend the information to charge the appellant with capital murder in the perpetration of aggravated robbery. Capital murder is punishable only by death by electrocution or life without parole. Act 438 of 1973 (Ark. Stat. Ann. § 41-1501).

Arkansas Statutes Annotated § 43-1024 (now codified at Ark. Code Ann. § 16-85-407 (1987)) provides in pertinent part: "[N]o indictment shall be amended . . . so as to change the nature of the crime charged or the degree of the crime charged." The trial court allowed the amendment. The appellant assigns as error the ruling allowing the amendment.

First, capital murder and first degree murder are not crimes of the same degree. A charge of capital murder includes the lesser included offense of first degree murder, but clearly a charge of first degree murder does not include capital murder. Therefore, they are of a different degree. Second, they are not of the same nature. They include different elements and different proof. *See Prokos* v. *State*, 266 Ark. 50, 582 S.W.2d 36 (1979). Third, the nature of the punishments is different. *Fuller* v. *State*, 246 Ark. 704, 709, 439 S.W.2d 801, *cert. denied*, 396 U.S. 930 (1969).

Further, we have repeatedly held that capital murder and first degree murder are separate and distinct crimes, and that there is no unconstitutional overlapping because there is no impermissible uncertainty in the definition of the two offenses. *See, e.g., Coble* v. *State*, 274 Ark. 134, 624 S.W.2d 421 (1981), *cert. denied*, 456 U.S. 1008 (1982).

Since the crimes are of different degree and nature, the amendment was improper. However, we affirm on this point, but solely because there was no objection to the amendment on this ground. The point was not preserved for appeal.

His next argument is that the trial court erred in admitting appellant's confession. The main contention in support of this point is that the appellant had only an eighth grade education and could not read or write. Also, that he was very young and had been drinking all day. There is no need to cite authority for the proposition that a custodial confession cannot be admitted into evidence until the state makes a prima facie showing that the accused acted knowingly, voluntarily and intelligently when he made the confession. Upon review we make an independent determination as to the voluntariness of a custodial confession and affirm the ruling of the trial court unless it is clearly wrong. *Baker* v. *State*, 289 Ark. 430, 711 S.W.2d 816 (1986); and *Tucker* v. *State*, 261 Ark. 505, 510, 549 S.W.2d 285 (1977). Being unable to read and write does not automatically render a confession inadmissible. *Mitchell* v. *State*, 206 Ark. 149, 174 S.W.2d 241 (1943).

The appellant alleges force and intimidation were used to coerce his confession. However, Officer Willard testified that he gave the appellant the Miranda warnings and obtained a waiver of his rights. Officer McIllwain testified that he and Officer Willard were the only two people in the room during questioning of the appellant, and that no force or intimidation was used. The record reveals that appellant was arrested and was read his rights about 11:15 p.m. Thereafter he was questioned and commenced giving a statement, which was completed by 12:20 a.m. Upon review of the totality of the circumstances, we have determined that the resolution of the voluntariness issue in this case turns upon the credibility of the witnesses. Credibility of witnesses is a matter within the discretion of the trier of fact.

*Smith* v. *State*, 292 Ark. 162, 729 S.W.2d 5 (1987); see also *Barnes* v. *State*, 281 Ark. 489, 665 S.W.2d 263 (1984). We cannot say that the trial court abused that discretion in this case.

The sixth argument for reversal is that the trial court erred in admitting slides and photographs of the crime scene and the victim. The only pertinent allegation concerning the prejudicial nature of the photographs was the statement made by the prosecutor at the Rule 37 hearing. He states: "Well, they are pretty horrible, horrendous pictures, I'll say that." Even though the photographs may have been horrible and horrendous, they may have accurately reflected the victim and the crime scene and may have been helpful to the jury in determining the issues before them. As previously mentioned, the photographs were destroyed in the fire. We recognize that the appellant is at a disadvantage under the circumstances. However, based upon the descriptions of the photographs in the testimony, we cannot conclude that the photographs were prejudicial. Trial counsel objected to the photographs on the grounds of relevancy and repetition. The trial court determined that their probative value substantially outweighed the danger of unfair prejudice and admitted the photographs. The record does not reveal that the court abused its discretion in admitting these photographs. See *Watson* v. *State*, 290 Ark. 484, 720 S.W.2d 310 (1986).

The seventh argument is that it was improper to "death qualify" the jury. This issue has been settled adversely to the appellant in the case of *Lockhart* v. *McCree*, 476 U.S. 162, 106 S. Ct. 1758, 90 L. Ed. 2d 137 (1986).

For his eighth argument the appellant alleges that the trial court erred in failing to grant a new trial based upon a comment by the prosecutor in closing argument. Although there is no transcript of the closing argument, the record does reflect that defense counsel objected to a remark by the prosecutor in which he allegedly made a reference to the defendant's failure to testify at the trial. The record also reflects that the motion for a new trial was denied.

At the time of appellant's trial, closing arguments were not recorded unless requested. No such request was made in this case. Even if the closing argument is not being recorded, it is proper for either side to object during the argument if they feel

the proceeding has become prejudicial. Under such circumstances it is the duty of the court to require a record to be made of such objection. We recognize that any reference by the state to the failure of an accused to testify is reversible error. However, no one recalls what the prosecutor said. It was the appellant's duty to object at the time such statement was made and to preserve an adequate record for appellate review. Failure to do both prevents the appellant from arguing the issue at this time. See *Williams* v. *State*, 275 Ark. 356, 629 S.W.2d 302 (1982), where we refused to grant certiorari because the closing arguments were not requested nor ordered reported.

Bell's ninth and final argument is that the court committed prejudicial error by allowing the jury to consider the aggravating circumstance of pecuniary gain. This too has been settled adversely to the appellant. *O'Rourke* v. *State*, 295 Ark. 57, 746 S.W.2d 52 (1988); *Lowenfield* v. *Phelps*, ___ U.S. ___, 108 S. Ct. 546 (1988).

After a careful review of the record available, recognizing the handicap under which appellant has proceeded, we cannot find prejudicial error. The fact that the trial attorney may have been ineffective concerning his advice on the desirability of an appeal has now been cured. See *Bell* v. *Lockhart*, supra. There is no prejudice because the appellant was not entitled to be released on bond pending resolution of an appeal. We have examined the record pursuant to Supreme Court Rule 11(f) and determined that there are no prejudicial errors not argued by the appellant.

Affirmed.

HOLT, C.J., and GLAZE, J., concur.

DUDLEY and NEWBERN, JJ., dissent.

TOM GLAZE, Justice, concurring. I agree with the dissent that the appellant was entitled to be present if a hearing had been held on his motions. However, hearings are not required before a trial judge can rule on a motion, and neither the appellant, nor the record, shows a hearing was either requested or held on the motions he presented or filed with the court. For this reason, I join the majority.

HOLT, C.J., joins in this concurrence.

ROBERT H. DUDLEY, Justice, dissenting. I dissent to that part of the majority opinion which affirms the conviction even though the appellant was absent when substantial steps were taken in his case.

The majority opinion fully recites the accused's constitutionally guaranteed right to be present in person and by attorney whenever any substantial step is taken in his case. I wholeheartedly agree, and would reverse on this point because the appellant was not present when his motion for continuance and commitment was heard.

The majority opinion attempts to beg the issue by stating that the appellant waived a hearing since he did not request one. The facts simply do not sustain the majority position. The judge's docket sheet entry for March 20, 1974, five days before trial, reflects:

> 3/20/74 Motion for continuance filed by defendant, J.C. Bell, *presented and denied.* (Emphasis supplied.)

> 3/20/74 Order for examination by SE Ark. Mental Health Clinic 19-605.

On the same day the trial court entered an order directing two medical doctors at a local health clinic to examine the appellant and determine if there were reasonable grounds to believe he was insane. As can be seen from the above evidence, the hearing was not waived, and, in fact, the motion was *presented and denied.*

It is undisputed that the appellant was not present when the motion was presented and denied. Therefore, the accused was not present in person when substantial steps were taken in his case. This has long been held to be reversible error. *Bearden v. State,* 44 Ark. 331 (1884); *Bennett v. State,* 62 Ark. 516, 36 S.W. 947 (1896); *Kinnemer v. State,* 66 Ark. 206, 49 S.W. 815 (1899); and *Stroope v. State,* 72 Ark. 379, 80 S.W. 749 (1904).

NEWBERN, J., joins in this dissent.