KINNEMER *v.* STATE.

Opinion delivered February 18, 1899.

1.  EVIDENCE—STATEMENT OF DEFENDANT'S WIFE.—It is not admissible to rebut the testimony of an accused person by proof of contradictory statements made by his wife.  (Page 207.)

2.  TRIAL—RE-READING INSTRUCTIONS IN ACCUSED'S ABSENCE.—It is error in a felony case for the court, in defendant's absence, to re-read the instructions to the jury, at their request, though they are read exactly as at first given, since defendant had a right to know that such was the case, and to be present for that purpose.  (Page 208.)

Appeal from Pope Circuit Court.

WILLIAM L. MOOSE, Judge.

*J. F. Sellers*, for appellant.

It was error to require defendant to go to trial before a

copy of indictment was served on him. 24 Ark. 631. It was error to allow the state to prove the statements made by defendant's wife. 64 Ark. 121. It was error to allow the state to ask defendant whether he had not been convicted of petit larceny. 58 Ark. 476; 60 Ark. 450; 34 Pac. 1078. The prosecuting attorney made use of improper arguments. 61 Ark. 130; 58 Ark. 480; 168 U. S. 382; 8 S. W. 762; 32 S. W. 1149; 17 S. W. 1108; 14 S. W. 117; 12 S. W. 619; 5 S. W. 115; 43 Pac. 124; 11 S. W. 185; 30 Atl. 419. It was error to reinstruct the jury in the absence of defendant. 24 Ark. 624; 19 Ark. 209; 5 Ark. 431; 10 Ark. 325; 44 Ark. 332; 30 Ark. 328; 39 Ark. 180; 54 Ark. 489; Bish. Cr. Proc. § 688; 43 N. Y. 3; 146 U. S. 370, s. c. 36 Law, Ed., 1011, and note; 26 O. St. 208; 25 Alb. L. J. 59; 6 L. R. A. 832 and note; 16 Pac. 330; 6 S. W. 646; 4 Humph. 254; 2 Sneed (Tenn.) 550; 1 Wend. 91. The evidence was insufficient to sustain a conviction.

WOOD, J. On the night of June 16, 1897, Dr. Chamness was assassinated. He was sleeping, as was his custom, upon a cot on his gallery. While thus sleeping, some one shot him through the head with buckshot, killing him instantly. The defendant was indicted for the murder, the indictment charging him with murder in the first degree. He was convicted of murder in the second degree.

At the trial defendant and one Shipp testified that on the night of the killing (Wednesday night) Shipp stopped at defendant's house, which was about seven miles from the scene of the killing; that Shipp stayed till late in the night, and while at defendant's fixed his clock, the defendant being at home at the time; that defendant was at his home when Shipp left. It had been shown that Doctor Chamness was killed about the hour of 11 o'clock Wednesday night. The above testimony therefore was pertinent and material concerning the question of alibi. In rebuttal, a witness was permitted, over defendant's objection, to state that on Sunday, after the killing on Wednesday night, she saw defendant's wife, who told the witness that Joe Shipp had fixed their clock the day before. This testimony tended to contradict both the defendant and Shipp on a ma-

terial question in the case. It was pure hearsay. The wife of the defendant could not be a witness, and nothing that she said was proper. She could not be called to contradict or confirm the statements ascribed to her.

The record shows that, after the case had been submitted to the jury and after being out several hours, the jury came into the court room, and asked to be re-instructed, whereupon the court, the defendant being in jail, and not voluntarily absent, re-read the entire instructions exactly as first given to them. The record does not show that even defendant's counsel were present when this was done. The fact that the jury asked "to be reinstructed" shows that they did not comprehend the charge of the court when first delivered. The re-reading of the instructions was tantamount to instructing them originally, or for the first time, because the first time the instructions were read they were not understood. There is no more important or material step in the progress of a trial than instructing the jury. Even had the record showed affirmatively the presence of defendant's counsel, still they could not waive his presence while the jury was being instructed. The instructions could not be re-read in his enforced absence, for, although they were read "exactly as at first given," the defendant had the right to know and see that such was the case, and to be present for that purpose. *State* v. *Brown*, 24 Ark. 620; *Bearden* v. *State*, 44 *ib.* 331.

Various other grounds are set up in the motion for new trial which we deem it unnecessary to discuss. Most of them would not likely be raised on another trial. Inasmuch as the judgment must be reversed, and the cause remanded for new trial for the errors indicated, a majority of the judges deem it proper not to discuss the sufficiency of the evidence to sustain the verdict. For my part, I do not consider the evidence sufficient.

Reversed and remanded.