NELSON *v.* STATE.

Crim. 3931

Opinion delivered May 20, 1935.

Fred M. Pickens and H. U. Williamson, for appellant.

Carl E. Bailey, Attorney General, and Ormand B. Shaw and Guy E. Williams, Assistants, for appellee.

McHANEY, J. Appellant was indicted for murder in the first degree, the indictment charging that he "did unlawfully, wilfully, feloniously with malice aforethought and after premeditation and deliberation, kill and murder one Mary Sue Wilson Nelson, by striking and throwing her * * * into and upon the waters of White River with the unlawful, felonious, deliberate and premeditated intent then and there to kill and murder her * * * by drowning, whereby the said Mary Sue Wilson Nelson did then and there come to her death by drowning, as aforesaid, against the peace and dignity of the State of Arkansas." Upon a trial of the charge against him he was convicted of murder in the first degree and sentenced to life imprisonment.

Four grounds are urged here for a reversal of the judgment against him. No question is raised regarding the sufficiency of the evidence to support the verdict and judgment or relating to the correctness of the instructions of the court in submitting the case to the jury.

The first and second assignments of error relate to the admission of testimony over appellant's objections. The first is that the court erred in permitting the witness, Dr. W. P. Scarlet, of Russellville, Arkansas, to testify over appellant's objections regarding the condition of the body of the deceased when it arrived in Russellville after it had been embalmed at Newport, Arkansas, and conveyed to Russellville, a distance of some two hundred miles. This witness testified that, when the body arrived in Russellville, he and another physician made an examination and found bruise marks on the shoulders of the deceased that appeared to have been made by a person's hands, and that the nails on the fingers had seemed to tuck into the flesh; that they placed their fingers on these marks, and they appeared to fit with their fingers, tending to show that the deceased had been

roughly handled before being thrown into the water; that such marks as he found would have to be made prior to death, and that such discoloration would not have occurred by handling after death because of lack of circulation. Objection was made to this testimony on the ground that it was not shown that the body was in the same condition when it arrived in Russellville as it was when it was embalmed in Newport, but the evidence of the embalmer of Newport was to the effect that there had been no material change in the body between the time it was received in Newport immediately after being recovered from the river and its arrival in Russellville. He furthermore testified concerning the same marks that he found on the shoulders of the deceased when it was brought to his place of business for embalming. We think the court correctly overruled appellant's objections to this testimony, not only because the body was shown to be in substantially the same condition when it arrived in Russellville as when embalmed in Newport, but for the additional reason that the evidence was cumulative to that of the undertaker of Newport.

It is next argued that the court erred in permitting Mrs. Stella Wilson, mother of the deceased, to testify concerning the acts and conduct of one Beverly Jones who came to her home during the summer of 1934, some two or three months before her daughter was drowned, and remained there about a week. The witness was permitted over objections to detail the actions and conduct of said Jones while at her home, in the absence of appellant. It is insisted that appellant was prejudiced by such testimony because he was not present. The testimony was offered on the theory that appellant and Jones had conspired to take the life of appellant's wife in order to collect the insurance on her life which had been procured by appellant. The court excluded all conversations the witness had with Jones while he was there, but permitted her to relate certain of his actions and conduct. Beverly Jones was a witness for the State and testified that appellant had talked to him on several occasions about getting rid of his wife; that he made a trip from Oklahoma to Arkansas and visited in the Wilson home

for about a week; that he went back to Cordell, Oklahoma, and talked with appellant; that later he and appellant came to Arkansas together; that they went to the Wilson home near Russellville where they picked up appellant's wife, and they all went fishing; that about ten-thirty or eleven o'clock at night he and two others went out in a boat to run one trot line, and appellant and his wife went out in another boat; that he saw appellant get up in the boat and go towards his wife and turned his head to keep from seeing him throw her into the river; that he heard the splash and appellant's call for help. This is a sufficient statement of Jones' testimony to justify the jury in finding that a conspiracy existed between them to do away with Mrs. Nelson and was sufficient to justify the court in permitting Mrs. Wilson to detail the acts and conduct of Jones while a visitor in her home some months before the drowning, in the absence of appellant. The general rule is that any act done or declaration made by one of two conspirators in the furtherance of the conspiracy, though in the other's absence, may be shown in evidence against the other. *Lesieurs* v. *State,* 170 Ark. 560, 280 S. W. 9; *Cain* v. *State,* 183 Ark. 606, 37 S. W. (2d) 708. The objection to the testimony of Mrs. Wilson was therefore properly overruled.

Another argument made for the reversal of the judgment relates to the remarks made by the prosecuting attorney in his closing argument to the jury. The prosecuting attorney stated to the jury that when the witness, Beverly Jones, was called before the grand jury, he advised the witness that he did not have to testify, and that any statement that he made before the grand jury could be used against him. The record discloses that the witness, Beverly Jones, so testified on the trial of this case. He was not permitted to relate what occurred in the grand jury room except the advice he was given by the prosecuting attorney. This argument of the prosecuting attorney was made within the record and in answer to the argument of counsel for appellant to the effect that Jones had been promised immunity by the State if he would testify against appellant. We are, therefore, of the opinion that the argument was proper. The testi-

mony of the witness in this regard was brought out by the prosecuting attorney after counsel for appellant had examined him at length regarding his promise of immunity, and cases cited by appellant are not in point.

It is finally insisted that the court erred in permitting one of counsel for the State to make a portion of his argument to the jury in the absence of appellant from the court room. The record shows that the court convened in the morning for the conclusion of the trial, and the sheriff sent the jailor to bring in the prisoner, appellant. He found him shaving and was delayed a few minutes for him to complete his dressing. He was then immediately brought to the court room. In the meantime, counsel had begun his argument and had spoken for a very few minutes before appellant arrived. The court consulted with one of counsel for appellant and inquired whether there was any objection to their proceeding in the absence of the appellant, and was advised that he had no objection, and that appellant's absence would be waived. The point was not raised until after the trial had been concluded and appellant had been convicted. Of course, the appellant had the undoubted right to be present at every step taken during the trial of his case.

Section 3136 of Crawford & Moses' Digest provides that in felony cases the defendant must be present during the trial. See also art. 2, § 10, Constitution. This court held in *Davidson* v. *State,* 108 Ark. 191, 158 S. W. 1103, that the statute is for the benefit of the defendant, and his right to be present may be waived by his counsel. It was there held that in a capital case that a defendant may, even after the trial has commenced, waive his personal presence at a step in the progress of the trial, such as receiving the verdict in his absence, and that, when his presence is duly waived, a judgment will not be reversed because of his absence upon his own consent unless it appears that he was prejudiced in some way by such absence. Here appellant was absent but for a very few moments, and the proceeding in his absence was waived by counsel. There is no showing that appellant was prejudiced thereby or that counsel who waived his presence did not have authority so to do. It was held

in *Davidson* v. *State, supra,* that the authority of the attorney will be presumed in the absence of a showing to the contrary. See also *Durham* v. *State,* 179 Ark. 507, 16 S. W. (2d) 991; *Day* v. *State,* 185 Ark. 710, 49 S. W. (2d) 380. No error was committed therefore in permitting counsel to proceed with the argument under the circumstances in this case.

No error appearing, the judgment must be affirmed.