## Alvin MARTIN *v.* STATE of Arkansas

CR 73-55                                    497 S.W. 2d 268

### Opinion delivered July 23, 1973

*Kirk Patton* and *G. William Lavender,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice. Alvin Martin was convicted of assault with intent to rape in the Miller County Circuit Court and was sentenced to ten years in the penitentiary. On his appeal to this court he contends that the trial court committed reversible error when the trial judge went to the jury room and instructed the jury during its deliberation. The appellant cites Ark. Stat. Ann. § 43-2139 (Repl. 1964) as prescribing the proper method of instructing a jury after it enters the jury room for deliberation, and argues that under our decision in *Wells* v. *State,* 193 Ark. 1092, 104 S.W. 2d 451, this court may review error apparent on the face of the record even though no objection was made at the time of the trial.

After both sides had rested in the case at bar, and after the jury was instructed by the court, the record appears as follows:

"Thereupon, the jury retired to consider of its verdict, and during the course of its deliberations, sent word by the bailiff that they wished to ask the court a question.

Thereupon, by agreement, the court and the attorneys entered the jury room, and the following proceedings were had and done:

BY THE COURT: Members of the jury, I am told that you have a question that you care to ask.

BY MEMBER OF JURY: We wanted to ask about the three to twenty-one years being the severity of the sentence. I think some of the jurors would like to know if it should be our consideration as to the parole policy, should that come into our consideration in deciding on a sentence—should we take that into account?

BY THE COURT: I know the answer, but let me consult with the attorneys out of your hearing.

Thereupon, after consultation with the attorneys out of the hearing of the jury, the court and attorneys returned to the jury room, and the court instructed the jury as follows:

BY THE COURT: Members of the jury, in answer to the first part of your question, about the severity of the penalty, your primary function is to determine first and primarily the guilt or innocence of the defendant. If you determine that the defendant is innocent, then you have concluded your duties. If you conclude that the defendant is guilty beyond a reasonable doubt, then it would be your duty to set punishment at a determinate sentence. By that I mean for a set number of years in any range, not less than three nor more than twenty-one.

Some states have what is known as an indeterminate sentence where a defendant is given a sentence from blank to blank. We in Arkansas have what is known as a determinate sentence, and I hesitate to cite num-

bers because I don't want you to think I am trying to influence you in any wise, but it should be a specific number of years if you determine the defendant is guilty.

Now, as to the second part of your question, it is improper for the court to answer this inquiry, as an answer might well constitute reversible error. The jury need not concern itself with this matter. The control of the parole system is committed by law to the Legislative and Executive branches of the government, and that the jury, if reaching a verdict of guilty, has only the duty of imposing such punishment as may be considered, under the court's previous instructions, to be appropriate. Any other questions?

Negative Response.

BY MEMBER OF THE JURY: On the number of years, does that have to be unanimous, also?

BY THE COURT: Yes, sir, your verdict has to be unanimous. I will say this to you: If you have another question in that regard after further deliberations, I will answer it."

Ark. Stat. Ann. § 43-2139 (Repl. 1964) above referred to, reads as follows:

"After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties."

In *Wacaster v. State*, 172 Ark. 983, 291 S.W. 85, after the jury had retired to consider the verdict, an additional instruction was given to the jury foreman by the trial judge in the hall of the court house outside the courtroom and outside the jury room and away from the presence of the defendant and his attorney. The question asked by the jury foreman pertained to parole and as a part of the

instruction, the trial judge testified that he told the jury foreman to "... just fix the punishment, whatever it was, or what they thought should be fixed." We reversed in that case because the jury might have considered the court's remarks as the court's opinion on the weight of the testimony and the guilt or innocence of the defendant, but we did point out in *Wacaster* that the provisions of § 43-2139 (then § 3192, Crawford & Moses' Digest) are mandatory.

However, in *Durham v. State,* 179 Ark. 507, 16 S.W. 2d 991, the trial judge, together with the prosecuting attorney and the defendant's attorney, went into the jury room at the request of the jury and instructed the jury as to its power to sentence the defendant to the reform school instead of the penitentiary. Error was assigned in the *Durham* case because the defendant was not present and it was the mandatory duty of the trial judge to bring the jury into the courtroom and instruct it in the presence of the defendant under the provisions of § 43-2139, *supra.* We held in *Durham* that no prejudice was shown because the attorney for the defendant was present and made no objection to the procedure.

In *Boone v. State,* 230 Ark. 821, 327 S.W. 2d 87, the trial judge, with the consent of counsel, went to the jury room and clarified the instructions at the request of the jury. In that case we said:

"It thus appears undisputed that appellant agreed to the court's entering the jury room, as indicated, and he points to no evidence in the record tending to show that anything was said or done prejudicial to the rights of appellant."

In the very recent case of *Andrews v. State,* 251 Ark. 279, 472 S.W. 2d 86, after the jury had retired to consider its verdict, the jury foreman returned to the courtroom and made inquiry as to eligibility for parole in the event of guilty verdict and sentence for years or for life. The trial judge proceeded to answer the jury foreman's questions and in that case we pointed out that the trial court in such instance should reply, in effect, "that it is improper for the court to answer the inquiry, and an answer might

well constitute reversible error; that the jury need not concern itself with the matter; that the control of the parole system is committed by law to the legislative and executive branches of the government, and, that the jury, if reaching a verdict of guilty, has only the duty of imposing such punishment as may be considered, under the court's previous instructions, to be appropriate." The trial court in the case at bar correctly followed our admonition as to questions pertaining to parole laid down in *Andrews*. In *Andrews*, however, we also reviewed the conflict in the cases where the foreman of a jury or a single juror returns to the courtroom for instruction without the entire jury being present, and in this connection in *Andrews* we reviewed the cases going back to *Wacaster* v. *State, supra,* and in *Andrews* we said:

> "It is apparent that the cases are not harmonious and the holdings lack consistency though the more recent cases hold such action by the trial court to constitute error. * * * Accordingly, we have reached the conclusion that the statute, Ark. Stat. Ann. § 43-2139 (Repl. 1964), should be strictly followed. In *Wacaster* we did reverse because of the court's conversation with the foreman, but in *Aydelotte,* though holding on the one hand that the provisions were mandatory, we proceeded to say, in effect, that the statute was *not* mandatory, for we affirmed even though the provisions were violated. We now repeat that following the statute is mandatory in the full meaning of the word, defined by The American Heritage Dictionary of the English Language as 'Required as if by mandate; obligatory.' Obligatory is then defined as 'legally or morally constraining; binding * * * compulsory.' "

It is true that in *Andrews*, the instruction was given to the jury foreman in the courtroom under circumstances whereby it would be necessary for him to convey the instruction (by hearsay) to the other members of the jury, while in the case at bar, the only difference apparent on the face of the record, was the place in the court house where the jury received the additional instructions, but § 43-2139, *supra,* is plain and unambiguous and as already pointed out in our previous decisions, is mandatory and should be strictly construed.

We do not say that the mandatory provisions of this procedural statute can under no circumstances be waived, but we do say that such waivers and questions of waivers in previous cases seem to have created problems that outweighed the convenience of the juries involved. The procedure set out in the statute is not difficult to follow and places no burden at all on the trial court or attorneys, and places very little burden on the jury. It simply recognizes that the courtroom, where the trial is being conducted, is the proper place for the giving of all instructions to the jury in open court and where all the jury and anyone else interested, including the defendant, can hear the instructions in the context given. The defendant, as well as the public, is entitled to know what goes on in the courtroom, but they are not entitled to know what goes on in the jury room. We can think of many good reasons why a jury should receive all instructions in the public forum of the courtroom and we can think of no good reason why it should not. To strictly follow the simple procedure as set out in the statute, would avoid such difficulties that have arisen in the numerous cases between *Wacaster* v. *State* and *Andrews* v. *State, supra.*

The record in the case at bar does not reveal what conditions, if any, prevailed in the courtroom that caused the trial judge and the attorneys to agree to go to the jury room at the request of the jury for additional instructions. We agree with the state, however, that there is no evidence in the record that the appellant was prejudiced in this instance, and we agree with the state that the appellant's attorney not only failed to object but affirmatively agreed to the procedure followed.

There is no question that many constitutional and procedural rights may be waived. *Cox* v. *State,* 240 Ark. 911, 405 S.W. 2d 937; *Moore* v. *State,* 241 Ark. 335, 407 S.W. 2d 744; *Medley* v. *Stephens,* 242 Ark. 215, 412 S.W. 2d 823; *Leasure* v. *State,* 254 Ark. 961, 497 S.W. 2d 1; *Durham* v. *State, supra.*

There is no suggestion in the record before us, that the appellant was not in the courtroom and knew of his attorney's agreement to go with the state's attorney and the trial judge to the jury room for settling the question

on instructions, thus waiving the right to require that the jury be brought back into the courtroom for receiving the instructions as required by the statute. The judgment recites the appearance of appellant in person and by his attorneys at the beginning of the trial before the jury was selected, and the reporter's transcript confirms this recitation. There is no question that the appellant was sitting at the counsel table during the trial when he was identified by the prosecutrix and other witnesses who testified. After the state had rested, the defendant was personally advised by the trial judge in the courtroom, in the absence of the jury, of his right to testify or to remain silent. Immediately after the jury verdict was returned, the court asked appellant to "come around," and pronounced sentence after having received negative responses to his separate inquiries whether the defendant himself had anything to say prior to sentencing. After sentencing the trial judge inquired whether the appellant had any questions and the only response received was the appellant's request that he have a day with his people. At the very conclusion of the entire proceeding, the trial court received an affirmative response from the appellant to the question "have the services of your two attorneys been satsifactory?"

We have held that an attorney's authority to waive his client's right to be present at every step of his trial would be presumed, in the absence of a showing to the contrary, when the question was not raised until after his trial had been concluded and he had been convicted. *Nelson* v. *State*, 190 Ark. 1027, 82 S.W. 2d 519. We conclude that the same rule should apply in this case, for there is nothing in the record to indicate that the appellant was not present and knew of his attorneys' waiver of the statutory procedural requirement on instructing the jury in this case. The propriety of the instructions given is not questioned at all. The court reporter recorded everything that occurred in the jury room while the judge and the attorneys were there, and there is no evidence whatever that the appellant's rights were prejudiced in the slightest degree by the procedure followed in this case. We conclude, therefore, that the judgment of the trial court in this case should be affirmed. It is our hope, however, that in future cases the trial judges will recognize the risk

of procedural error in entering the jury room for any purpose while the jury is in deliberation and will strictly apply and follow the provisions of § 43-2139, *supra,* even though the provisions of the statute may be waived.

The judgment is affirmed.