Thomas O. DAVLIN v. STATE of Arkansas

CR 92-1211                                        853 S.W.2d 882

Supreme Court of Arkansas
Opinion delivered May 17, 1993

*Witt Law Firm, P.C.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Thomas O. Davlin, appeals a judgment of the Johnson Circuit Court convicting him of rape and sentencing him as an habitual offender to a term of life imprisonment in the Arkansas Department of Correction. As appellant was sentenced to imprisonment for life, this court has jurisdiction of his appeal pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We reverse the judgment and remand for a new trial.

Appellant urges four points for reversal of the judgment entered pursuant to the jury's verdict. Only appellant's first two assignments of error, which concern a videotape of the victim's statement to the Clarksville police, merit reversal. The video-

taped statement was played to the jury during trial and again during jury deliberations. We note at the outset of our discussion that it is the re-viewing of the videotape that appellant challenges on appeal, not the original viewing of the videotape during the trial.

As his first assignment of error, appellant contends the trial court erred in permitting the jury to view the videotape for a second time during the jury's deliberations because there was no showing of a conflict, dispute, or confusion among the jurors as required by Ark. Code Ann. § 16-89-125(e) (1987). He claims further that the videotape should not have been shown to the jury a second time because it was never admitted into evidence and section 16-89-125(e) applies only to evidence. As his second assignment of error, appellant contends the trial court erred in denying appellant's request to be present during the replaying of the tape to the jury.

Section 16-89-125(e) provides as follows:

> (e) After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties.

First, we dispose of appellant's argument that the videotape was not evidence. Despite the somewhat confusing assertion that the videotape was admitted "for the record only," the trial court very clearly ruled that the videotape would be admitted. The videotape was therefore admitted into evidence and could be replayed to the jury pursuant to the requirements of section 16-89-125(e).

In support of his remaining claims concerning the videotape, appellant relies on *McKinney v. State*, 303 Ark. 257, 797 S.W.2d 415 (1990), as requiring strict compliance with section 16-89-125(e). *McKinney* holds that it is the procedural requirements of section 16-89-125(e) that are mandatory and that the trial court has discretion to determine whether to grant the jury's request to reconsider the evidence. This court specifi-

cally stated, "it is apparent that our requirement that the statute be strictly followed focuses not on the express reason for the jury to request the information, but the procedure by which the request is presented." *McKinney*, 303 Ark. 257, 262, 797 S.W.2d 415, 418. A trial court may infer disagreement among the jury from its request to see or hear evidence during deliberations, and should honor any request of the jury to reconsider specific evidence in the absence of some compelling reason not to grant it. *Id.*

The proper procedure was not followed in the present case. Section 16-89-125(e) mandates that the jury return to the courtroom and that the information required be given to the jury "upon their being brought into court." In the present case, the record reveals that the videotape was not replayed in court but in the room where the jury was deliberating. The record also reveals, however, that the trial court and counsel for both parties were present in the jury room while the tape was replayed. Although his counsel was present, appellant was not, and his counsel objected to his absence. The record states that the videotape *would be* replayed in the jury room just as it was at trial, with certain prejudicial portions deleted. However, the record is silent with respect to what actually occurred in the jury room and therefore does not assure us there was a lack of prejudice in the replaying of the tape.

We recognize that while objecting to appellant's personal absence, appellant's counsel specifically agreed to the location of the replaying of the tape. We also recognize that strict compliance with the procedural requirements of section 16-89-125(e) may be waived. *See Jackson* v. *State*, 256 Ark. 406, 507 S.W.2d 705 (1974). This court has held a valid waiver occurred where the attorneys went with the judge to the jury room, everything that happened was recorded in the record, and there was no possibility of prejudice. *Martin* v. *State*, 254 Ark. 1065, 497 S.W.2d 268 (1973). However, we also recognize that non-compliance with section 16-89-125(e) gives rise to a presumption of prejudice, and that the state has the burden of overcoming that presumption. *Tarry* v. *State*, 289 Ark. 193, 710 S.W.2d 202 (1986). The record is silent as to what occurred during the replaying of the tape. Therefore, there is no waiver by appellant. *See Martin*, 254 Ark. 1065, 497 S.W.2d 268. In addition, the

state has therefore failed to meet its burden of rebutting the presumption of prejudice. *See Tarry*, 289 Ark. 193, 710 S.W.2d 202.

It is arguable that the presence of appellant's counsel, coupled with an absence of any claim on appeal that prejudice occurred during the replaying of the tape, could provide us with the required assurance that no prejudice occurred. However, such an argument overlooks the underlying premise of appellant's objection — his personal absence during the representation of the evidence. This court has previously interpreted an earlier yet identical version of section 16-89-125(e) and held that error occurred when the trial judge and counsel for both parties went into the jury room at the jury's request and instructed the jury; error occurred because the defendant was not present and it was the trial court's mandatory duty to bring the jury into the courtroom and instruct it there in the presence of the defendant. *Durham v. State*, 179 Ark. 507, 16 S.W.2d 991 (1929). In *Durham*, the error was not reversible because, although defense counsel was present, counsel did not object to the court's actions. In the present case, however, appellant's counsel expressly stated that he was not waiving any objection to appellant's absence.

█ It is a basic principle of both our state's and our nation's criminal procedure that a defendant has the right to be present in person and by counsel when a substantial step is taken in his case. *Bell v. State*, 296 Ark. 458, 757 S.W.2d 937 (1988). One expression of this basic principle can be found at Ark. Code Ann. § 16-89-103(a)(1) (1987), which states that a defendant indicted for a felony *must* be present during trial (emphasis added). This court has applied the "substantial step of the case" requirement to an earlier version of section 16-89-103. *Bearden v. State*, 44 Ark. 331 (1884). *Bearden* held that when a defendant is absent from a substantial part of the proceedings, reversal is required and the defendant need not demonstrate prejudice. The rereading of instructions to the jury constitutes a substantial step in a defendant's case, *Kinnemer v. State*, 66 Ark. 206, 49 S.W. 815 (1899), as does the instructing of the jury when the trial judge, accompanied by counsel for both parties, enters the jury room to read the instructions. *Stroope v. State*, 72 Ark. 379, 80 S.W. 749 (1904).

■ From the foregoing discussion, it is evident that many errors can occur, and did in fact occur in this case, when a trial court does not comply strictly with the procedural requirements of section 16-89-125(e). In addition, as with the present case, the errors can go beyond the statute and encompass the defendant's constitutional right to be present when a substantial step is taken in his case. *See Bell*, 296 Ark. 458, 757 S.W.2d 175; *Stroope*, 72 Ark. 379, 80 S.W. 749; *Kinnemer*, 66 Ark. 206, 49 S.W. 815. Although section 16-89-125(e) does not expressly require a defendant's presence during the representation of evidence or instruction of law, the foregoing principles of law do so require. Accordingly, we must reverse the judgment.

Had the jury returned to the courtroom, there would most likely have been a record of what occurred and the trial court would most likely have been reminded of appellant's right to be present. The following quotation, which stresses the importance of strict compliance with section 16-89-125(e)'s predecessor, bears repeating here:

> The procedure set out in the statute is not difficult to follow and places no burden at all on the trial court or attorneys, and places very little burden on the jury. It simply recognizes that the courtroom, where the trial is being conducted, is the proper place for the giving of all instructions to the jury in open court and where all the jury and anyone else interested, including the defendant, can hear the instructions in the context given. The defendant, as well as the public, is entitled to know what goes on in the courtroom, but they are not entitled to know what goes on in the jury room. We can think of many good reasons why a jury should receive all instructions in the public forum of the courtroom and we can think of no good reason why it should not. To strictly follow the simple procedure as set out in the statute, would avoid such difficulties that have arisen in th[is] . . . case . . . .

*Martin* v. *State*, 254 Ark. 1065, 1070, 497 S.W.2d 268, 271 (1973) (referring to Ark. Stat. Ann. § 43-2139 (Repl. 1964), identical in all respects to section 16-89-125(e)).

The judgment of conviction is reversed and remanded for a new trial.