SLIP OPINION

Cite as 2017 Ark. 296

# SUPREME COURT OF ARKANSAS

No. CR-16-800

| | |
|---|---|
| VIRGINIA ANN HYATT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** November 2, 2017<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-14-8]<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br>REMAND TO SETTLE THE RECORD . |

**KAREN R. BAKER, Associate Justice**

On February 8, 2016, appellant, Virginia Ann Hyatt, was convicted by a Miller County Circuit Court jury of one count of capital murder in the December 3, 2013 death of Patricia Wheelington and was sentenced to life imprisonment without the possibility of parole. On February 29, 2016, Hyatt timely filed her notice of appeal. On appeal, Hyatt raises one point: the circuit court erred by denying Hyatt's motion to direct a verdict of not guilty based on insufficiency of the direct and circumstantial evidence to prove that Hyatt caused the death of Wheelington with premeditated and deliberate purpose. However, based on the record before the court, we are unable to reach the merits of this case and remand the matter to the circuit court to settle the record.

In this case, it is impossible to determine from the record what was in front of the jury. The State introduced multiple surveillance videos and photographs in its case-in-chief, State's

Exhibits nos. 191–196.  However, State's exhibit no. 191 is only in the record and not the addendum, and the record is absent evidence that exhibit no. 191 was shown to the jury. Further, the record is absent evidence that the EZ Mart video, State's exhibit no. 194 showing the car that was alleged to be similar to Hyatt's, was introduced or shown to the jury because the video submitted in the record and the addendum are indecipherable.  Also, the still photos from the EZ Mart surveillance photos, exhibits no. 195 and no. 196 are not consistent with the testimony regarding the photos.

Accordingly, pursuant to Ark. R. App. P.–Crim. 4(a) and Ark. R. App. P.–Civ. 6(e), we remand the matter to settle the record.  Under Rule 6(e), the circuit court may settle any difference that "arises as to whether the record truly discloses what occurred in the circuit court."  The rule further provides that the circuit court can correct omissions from the record by error or accident or misstatements therein. *See McGehee v. State*, 328 Ark. 404, 943 S.W.2d 585 (1997).  Here, it is unclear what information is contained in the videos and photos and whether that evidence was presented to, or considered by, the jury.  We have explained that it is not the purpose of settling the record to introduce evidence that was not introduced at trial. *Tackett v. First Sav. of Ark.*, 306 Ark. 15, 810 S.W.2d 927 (1991) (discussing Ark. R. App. P. –Civ. 6(e), the predecessor to our current Ark. R. App. P.–Civ. 6(e)).  Therefore, we remand this matter to the circuit court to settle the record.

Remanded to settle the record.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.