Cite as 2019 Ark. 342
# SUPREME COURT OF ARKANSAS
No. CR-18-982

| | | |
|---|---|---|
| JARELL DAVIS TERRY | | **Opinion Delivered:** November 21, 2019 |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-18-3] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE SAM POPE, JUDGE |
| | APPELLEE | REMANDED TO SETTLE THE RECORD. |

**KAREN R. BAKER, Associate Justice**

On September 12, 2018, appellant Jarell Davis Terry was found guilty by a Drew County Circuit Court jury of first-degree murder, aggravated robbery, and theft of property. Terry was sentenced to life imprisonment for first-degree murder, life imprisonment for aggravated robbery, and fifteen years' imprisonment for theft of property. Terry argues three points on appeal: (1) substantial evidence does not support his convictions; (2) the circuit court abused its discretion on a juror-misconduct allegation; and (3) the record was inadequate on jury questions during deliberations. However, for the reasons that follow, we are unable to reach the merits of this case, and we remand the matter to the circuit court to settle the record.

On appeal, Terry contends that the record is incomplete with regard to two notes that the circuit court received from the jury. The first jury note is marked Court's Exhibit 1 and states: "We need the Laws for the accesorry [sic] to the crime! We need a clarification

for the Statue [sic] of first degree murder." The second jury note is marked Court's Exhibit 2 and states: "All New Verdict Forms." The record demonstrates that the jury retired to the jury room at 3:54 p.m. to begin deliberations. With regard to the first jury note, the record provides:

THE COURT:                    Court will be in recess while the jury deliberates.

(Recess)

(Whereupon, a note was received from the jury by the Court at 4:22 p.m. and all jury instructions were sent into the jury room.)

(Whereupon, Court's Exhibit Number One was marked for identification and received in evidence.)

(Recess)

THE COURT:                    Everybody have a seat. Counsel, are ya'll ready to proceed? I've been told the jury has reached a verdict?

[PROSECUTOR]:          Yes, sir, Your Honor.

[DEFENSE COUNSEL]:   Yes, sir.

THE COURT:                    Bring our jury in.

(Whereupon, the jury returned to the courtroom from deliberations at 4:33 p.m. and the following was had, to wit):

THE COURT:                    Okay. The jury has returned to the courtroom. Madame Foreperson, have you reached verdicts?

FOREPERSON:           Yes, sir, we have.

The jury found Terry guilty of first-degree murder, aggravated robbery, and theft of property. At 5:11 p.m., after finding Terry guilty, the jury retired to the jury room for sentencing deliberations.

With regard to the second jury note, the record provides:

2

THE COURT:                    Court will be in recess while the jury deliberates.

(Recess)

(Whereupon, a note was received from the jury by the Court at 5:39 p.m. and new verdict forms were provided to the jury.)

(Whereupon, Court's Exhibit Number Two was marked for identification and received in evidence.)

(Recess)

THE COURT:                    Bring our jury in.

(Whereupon, the jury returned to the courtroom from deliberations at 5:53 p.m. and the following was had, to wit):

THE COURT:                    Everyone have a seat other than the foreperson. Madame Foreperson, have you reached verdicts?

FOREPERSON:                Yes, we have.

As set forth above, the transcript reflects that both jury notes were marked as court's exhibits and received into the evidence. Yet, the transcript is silent as to any discussions or the circumstances surrounding the jury notes or who may have been present.

On appeal, Terry first points out that because he was sentenced to consecutive life sentences, our review of all prejudicial errors is mandated by Arkansas Supreme Court Rule 4-3(i). Terry further contends that the lack of any on-the-record discussion of the jury notes or the circuit court's responses proves that the circuit court violated Arkansas Code Annotated section 16-89-125(e), which provides:

> After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of or after notice to the counsel of the parties.

3

Ark. Code Ann. § 16-89-125(e) (Repl. 2005). Terry correctly notes that noncompliance with section 16-89-125(e) gives rise to a presumption of prejudice, and the State has the burden of overcoming that presumption. *Clayton v. State*, 321 Ark. 602, 906 S.W.2d 290 (1995).

In response, the State argues that in neither instance was there any need for discussion with the jury. With regard to the first jury note, the State argues that the circuit court, apparently, did not initially provide a copy of the instructions to the jury.[1] The State contends that if the jury had been summoned to the courtroom, the circuit court could only have responded by referring the jury to the instructions on accomplice liability and first-degree murder. With regard to the second jury note, the State argues that the jury's reason for asking for new verdict forms is immaterial. The State contends that it was not necessary to summon the jury to the courtroom in order to fulfill its request. Further, the State asserts that demanding an explanation would possibly require the jury to disclose the substance of

---

[1]The State correctly points out that the circuit court apparently did not initially provide a copy of the instructions to the jury. The record provides that, prior to reading the jury instructions, the circuit court stated as follows:

> THE COURT: Ladies and gentlemen of the jury, the evidence is concluded. Both sides have now rested and it's time for the Court to advise you and to instruct you on the law that is applicable to this case by instructions of law. These are available to you in written form if you need them while you are deliberating in the jury room. You can make a request for them and the bailiff will deliver them to you during your deliberations.

Thus, the first jury note was most likely in response to the circuit court's inexplicable failure to provide the jury with the jury instructions when the jury initially retired for deliberations.

4

its deliberations. With regard to both jury notes, the State argues that the State has overcome the presumption of prejudice. However, the State contends that if we deem the record insufficient, we should remand the case to the circuit court to settle the record.

In his reply brief, Terry replies that the State makes several inferential leaps and misapplies the law to incorrectly conclude that it has overcome the presumption of prejudice. Further, Terry argues that the record is not susceptible to correction but must be reversed and remanded for a new trial.

In *Anderson v. State*, we addressed a criminal defendant's right to be present in person and by counsel at any critical stage of his or her case:

> It is a basic principle of both our state's and our nation's constitutional law that a criminal defendant has the right to be present in person and by counsel at any critical stage in his or her case. *Smith v. State*, 343 Ark. 552, 39 S.W.3d 739 (2001); *Davlin* [*v. State*, 313 Ark. 218, 853 S.W.2d 882 (1993)]. A criminal defendant has a Sixth Amendment right to an attorney at every critical stage of the proceedings. *Hammett v. Texas*, 448 U.S. 725 (1980). A criminal defendant has a due process right to be present at critical stages of the proceeding. *Kentucky v. Stincer*, 482 U.S. 730 (1987). The complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).
>
> A critical stage in a criminal proceeding is every stage where substantial rights of the criminal defendant may be affected. *Mempa v. Rhay*, 389 U.S. 128 (1967). "A critical stage in a criminal proceeding is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage." *Commonwealth v. Johnson*, 574 Pa. 5, 13, 828 A.2d 1009, 1014 (2003).

367 Ark. 536, 542, 242 S.W.3d 229, 234 (2006).

Further, Arkansas Supreme Court Administrative Order No. 4(a) requires a complete record of all proceedings. The order provides that "[u]nless waived on the record by the parties, it shall be the duty of the circuit court to require that a verbatim record be made of

5

all proceedings, including any communications between the court and one or more members of the jury, pertaining to any contested matter before the court or jury." *See also* Ark. Code Ann. § 16-13-510 (requiring complete record of the proceedings in all cases before a circuit court).

Applying the above standards to Terry's case, due to the lack of a verbatim record—when the circuit court ordered the jury notes marked as court's exhibits and received the jury notes into evidence—it is impossible to determine whether Terry and his counsel were present. Likewise, we are unable to determine either compliance or noncompliance with section 16-89-125(e). Accordingly, pursuant to Rule 4(a) of the Arkansas Rules of Appellate Procedure –Criminal and Rule 6(e) of the Arkansas Rules of Appellate Procedure –Civil, we remand the matter to settle the record. Under Rule 6(e), the circuit court may settle any difference that "arises as to whether the record truly discloses what occurred in the circuit court." The rule further provides that the circuit court can correct omissions from the record by error or accident or misstatements therein. *See McGehee v. State*, 328 Ark. 404, 943 S.W.2d 585 (1997). Here, the circumstances and discussions surrounding the jury notes are unclear. We have explained that it is not the purpose of settling the record to introduce evidence that was not introduced at trial. *Hyatt v. State*, 2017 Ark. 296 (citing *Tackett v. First Sav. of Ark.*, 306 Ark. 15, 810 S.W.2d 927 (1991)) (discussing Ark. R. App. P.–Civ. 6(e), the predecessor to our current Ark. R. App. P.–Civ. 6(e)). Therefore, we remand this matter to the circuit court to settle the record.

Remanded to settle the record.

KEMP, C.J., and WOOD and WOMACK, JJ., dissent.

6

**SHAWN A. WOMACK, Justice, dissenting.** The majority's decision to remand this case to settle the record is unwarranted. The record establishes that the jury simply requested and received written jury instructions and new verdict forms. I would accordingly reject Terry's argument on this point and proceed to the merits of his direct appeal.

As the majority recognizes, the record shows that the jury was not provided with written instructions when they retired to deliberate on Terry's guilt. Rather, the jury was told they could request the instructions if needed during deliberations. This was established in open court without any objection. And it is precisely what the jury did with the first note. The court's only response, as evinced by the record, was to send all jury instructions to the jury room. During sentencing deliberations, the jury submitted another note requesting new verdict forms. The record shows the forms were consequently provided.

The circuit court will be faced with the perplexing task of settling an already settled record. The record contains the jury's notes—which merely requested documents they were entitled to receive—and shows that the court provided the requested documents. It is unclear what else is needed to resolve this issue. As such, there is simply no need to remand to settle the record in this case. I must, therefore, respectfully dissent.

KEMP, C.J., and WOOD, J., join in this dissent.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.