Cite as 2020 Ark. 379

# SUPREME COURT OF ARKANSAS

No. CR-20-107

| | | |
|---|---|---|
| BILLY ALLEN COMBS | | **Opinion Delivered:** November 19, 2020 |
| | APPELLANT | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT |
| V. | | [NO. 56CR-18-601] |
| STATE OF ARKANSAS | | HONORABLE PAMELA HONEYCUTT, |
| | APPELLEE | JUDGE |
| | | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Billy Allen Combs appeals from his conviction in the Poinsett County Circuit Court for capital murder. For reversal, Combs argues that the trial court erred when it did not bring jurors into open court after they posed a question during deliberations. We affirm.

*Facts*

On September 21, 2018, Combs shot Brett Smith, who had been living in Combs's home, ten times in the head. At trial, former police lieutenant Justin Kimble testified that upon entering Combs's home that evening, he found Smith's body slumped over on a couch. Kimble testified that Combs said he shot Smith because he did not want to be threatened in his own home. Defense counsel used Kimble's police report during cross-examination, but the report itself was not entered into evidence. During deliberations, the following colloquy occurred:

| | |
|---|---|
| THE COURT: | I'm told that the jury has sent a question. Let the record reflect the bailiff is handing me a written question. "Can |

we see Officer Kimble's statement?" I don't think [sic] what they're talking about.

[DEFENSE COUNSEL]: I cross-examined him on the — she can read back what I crossed. That's the only thing we can do.

THE COURT: So the statement itself is not in evidence?

[DEFENSE COUNSEL]: No. I crossed him and quoted him from him.

THE COURT: We can try to do that if that's what y'all want to do. I'm inclined to just say no, you have to rely on the evidence that was presented.

[PROSECUTOR]: Since that statement was not introduced into evidence, that would be the State's position.

THE COURT: Okay. We can agree on the wording. I can write it on here and send it back with the bailiff and make it part of the record or we can bring them out and I can just tell them.

[DEFENSE COUNSEL]: I think they have a right to have it read back to them, the cross-examination of what — I was quoting him directly.

THE COURT: They didn't ask for that though. They want to see his statement.

[PROSECUTOR]: The statement was not introduced into evidence.

THE COURT: I'm just saying it's not in evidence. If they ask for it to be read back, that's one thing. I can answer it in this way. I can just say the statement wasn't admitted. The document wasn't admitted into evidence and therefore we can't give that to you. I can say that.

[DEFENSE COUNSEL]: I think they should be given the option to have it read back to them, his testimony.

THE COURT: I guess we'll have to go into it with them further and say, what do you mean by his statement, because I'm not going to suggest a reading back on something that they didn't ask to be read back.

2

| [PROSECUTOR]: | Your Honor, I would just ask if it is read back — I think [defense counsel] had just alluded to reading back the cross-examination. I would ask that his entire testimony from [the prosecutor] examining him and from [defense counsel]. |
|---|---|
| THE COURT: | I'm going to say on here, what do you mean by his statement and see what they say. Is that alright with everybody? |
| [PROSECUTOR]: | Yes, Your Honor. |
| THE COURT: | Make sure that piece doesn't disappear or get destroyed because after this is all over we need to make it part of the record. |
| THE BAILIFF: | Yes, ma'am. |

Following this discussion, the trial court wrote, "What do you mean by his statement?" on the slip of paper below the jury's question. The note is preserved in the record. The jury did not respond to the trial court's question before returning its guilty verdict. Combs was convicted of capital murder and sentenced to life imprisonment without parole. Combs timely appealed.

*Discussion*

For his sole point on appeal, Combs argues that the trial court erred when it did not bring the jurors into open court after they posed a question during deliberations. Arkansas Code Annotated section 16-89-125(e) (Repl. 2005) provides:

> After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence or after notice to the counsel of the parties.

These provisions are mandatory. *Garcia-Chicol v. State*, 2020 Ark. 148, at 5, 597 S.W.3d 631, 635. Noncompliance with section 16-89-125(e) gives rise to a presumption of prejudice, and the

State has the burden of overcoming that presumption. *Id.* This court has stated that the purpose of section 16-89-125(e) is to protect against misinformation communicated to the jury and to protect against further steps being taken with respect to evidence unless done in open court with counsel present. *Flanagan v. State*, 368 Ark. 143, 164, 243 S.W.3d 866, 881 (2006).

The State concedes that the trial court violated section 16-89-125(e) by not bringing the jury into open court when it asked a question. The only question for us, then, is whether the State has met its burden of overcoming the presumption of prejudice. Combs argues that the State has not met that burden because it cannot show what occurred after the trial court sent the note to the jury.

This court has held that when the State cannot show what happened as a result of a violation of section 16-89-125(e), it has not overcome the presumption of prejudice. In *Tarry v. State*, 289 Ark. 193, 197–98, 710 S.W.2d 202, 204–05 (1986), we reversed a conviction where the trial judge went into the jury room to answer the jury's question, but the judge's response was not in the record. Likewise, in *Davlin v. State*, 313 Ark. 218, 221–22, 853 S.W.2d 882, 884–85 (1993), where the trial court allowed a videotape to be replayed in the jury room with the trial judge and counsel present, but the record did not show what occurred in the jury room when the tape was replayed, we concluded that the State failed to meet its burden.

In contrast, this court has held that the State rebutted the presumption of prejudice in cases involving similar facts—communication between the trial court and the jury via notes—where that communication was preserved in the record. In *Anderson v. State*, 353 Ark. 384, 394, 108 S.W.3d 592, 598 (2003), where the trial court responded in writing to a question from the

4

jury, we held that the State overcame the presumption of prejudice because the record reflected the substance of the trial court's communication with the jury, the appellant never objected to that substance, and the trial court had no contact with the jury during deliberation. In *Atkinson v. State*, 347 Ark. 336, 351–52, 64 S.W.3d 259, 269–70 (2002), we concluded that the State rebutted the presumption of prejudice when it communicated with the jury via note where that communication was in the record and the trial court answered the jury's questions in a manner agreed upon by the parties in open court. And we declined to adopt "a brightline rule which would require an automatic reversal merely by showing § 16-89-125(e) had been violated." *Id.* at 352, 64 S.W.3d at 270; *see also Terry v. State*, 2020 Ark. 202, at 15, 600 S.W.3d 575, 585 (holding that the State rebutted the presumption of prejudice where notes from the jury as well as jury instructions and verdict forms the jury received in response were part of the record and supplemental record).

We conclude that the State has overcome the presumption of prejudice from the trial court's noncompliance with Arkansas Code Annotated section 16-89-125(e). Here, the facts are similar to the facts in *Anderson*, *Atkinson*, and *Terry*, in which we held that the State had rebutted that presumption. All communication between the trial court and the jury was in the record. The trial court discussed the jury's question and the response with counsel. Defense counsel made no objection to the wording of the trial court's response, despite the opportunity to do so. Moreover, the trial court did not give any information to the jury. The trial court did not provide the jury evidence, answer a question about the evidence, or inform the jury on a point of law. And this court will not speculate as to how the jury reacted when it received the trial court's counterquestion. It is true, as Combs points out, that defense counsel did not explicitly agree to

5

the wording of the trial court's response. But defense counsel raised no objection either. Given that the trial court did not actually answer the jury's question, the lack of express agreement on the wording is not dispositive. Reversing on the facts presented here would put form over substance, which is not the rule. *Atkinson*, 347 Ark. at 352, 64 S.W.3d at 270. Because there was no risk of misinformation being communicated to the jury, the presumption of prejudice has been rebutted.

*Rule 4-3(i) Review*

Because Combs was sentenced to life imprisonment, the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Combs in compliance with Arkansas Supreme Court Rule 4-3(i). No prejudicial error has been found.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority opinion fairly describes the factual circumstances of this case—I simply disagree with its conclusion that the State has rebutted the presumption of prejudice that corresponds with a violation of Ark. Code Ann. § 16-89-125(e). This statutory provision states:

> After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence or after notice to the counsel of the parties.

Section 16-89-125(e)'s instructions are mandatory, and as the State concedes, they were not followed in this case. Failure to comply with the statute gives rise to a presumption of prejudice

6

against the defendant, which the State has the burden of rebutting. *Garcia-Chicol v. State*, 2020 Ark. 148, at 5, 597 S.W.3d 631, 635. Part of the rationale for this presumption is, as the majority states, the risk of misinformation being communicated to the jury about the evidence in the case. But the statute's requirement that communications with the jury be conducted "in the presence or after notice to the counsel of the parties" indicates a broader legislative intent—it's not just to prevent misinformation being communicated to the jury but also to allow the parties' counsel to understand the jury's concerns and to address those concerns with the court. This is why there is a presumption of prejudice when section 16-89-125(e) is violated: it's *hard to know* how such violations will impact the jury's assessment. As Combs's appellate counsel argues,

> Suffice it to say, by answering a question with a question, which the jurors read alone in the jury room, the court communicated with the jurors outside the parties' presence. If the court had asked the question in open court, the parties could have heard the jurors' responses, watched their expressions, learned more about what the jurors sought, and made their case to the court.

Section 16-89-125(e) has teeth only to the extent it is enforced. The purpose of the jury-trial mechanism is to seek the truth, so when proceedings against a defendant deviate from that mechanism's intended structure, the result of those proceedings is undermined. Combs did not agree to the circuit court's sending a written message to the jury, and he was deprived of the opportunity to address the jury's concerns in open court. I do not see how the State has rebutted the presumption of prejudice that attaches in this situation. For this reason, I dissent.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.