Cite as 2021 Ark. 132

# SUPREME COURT OF ARKANSAS

**No.** CR-19-901

| | | |
|---|---|---|
| NICHOLAS MATTHEW LEWONDOWSKI | | **Opinion Delivered:** June 10, 2021 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-18-85] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | | <u>REMANDED TO SETTLE THE RECORD</u>. |

**ROBIN F. WYNNE, Associate Justice**

Nicholas Lewondowski appeals from his convictions by a Garland County jury on three counts of capital murder and felony-firearm enhancement, for which he was sentenced to three consecutive terms of life imprisonment without parole. On appeal, he argues that (1) reversible error occurred with regard to the handling of a jury note asking to again watch his interview with police; (2) he was deprived of his Sixth Amendment right to counsel at the hearing to settle the record regarding the jury note; (3) one of his defense attorneys had a conflict of interest with State witness Scott Gilbert and should have been disqualified; (4) the circuit court erred by not suppressing his statements to police; and (5) the evidence was insufficient to support his convictions. Because appellant was deprived of his right to counsel at the hearing to settle the record, we must again remand to settle the record.

Generally, this court considers challenges to the sufficiency of the evidence before other points on appeal. *Halliburton v. State*, 2020 Ark. 101, at 6, 594 S.W.3d 856, 861 (stating

that double-jeopardy considerations require this court to consider a challenge to the sufficiency of the evidence prior to the other issues on appeal); *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984) (applying *Burks v. United States*, 437 U.S. 1 (1978), and requiring that the sufficiency of the evidence be reviewed before consideration of trial errors). Before deciding the merits of this appeal, however, we first consider the issues surrounding the settlement of the record. The record contains court's exhibit 1, which is a note from the jury providing as follows: "We would like to watch the interview w/ Nick that Detective Fallice [sic] did after initially taken [sic] Nick into custody." In September 2020, this court granted appellant's motion to file a second supplement to the record, permitting two affidavits regarding the jury note (one of the court reporter, Jana Hawley, and one of a member of the defense team, mitigation specialist Ashley Hornibrook) to be filed. Appellant argued in his opening brief that the confusion surrounding the circuit court's handling of the jury note warranted reversal and remand for a new trial. The State filed a motion to remand to settle the record and for abeyance of brief time, which this court granted.

On remand, the circuit court held a hearing to settle the record. The court denied appellate counsel Sharon Kiel's motion and day-of-hearing request to participate. At the hearing, the court heard the testimony of chief deputy prosecuting attorney Kara Petro, deputy prosecuting attorney Trent Daniels, public defenders Timothy Beckham and Mark Fraiser, mitigation specialist Ashley Hornibrook, official court reporter Jana Hawley, and appellant. The circuit court entered an order settling the record, and after the supplemental record was filed, appellant was permitted to file a substituted opening brief, and briefing then proceeded in the normal course.

For his first point on appeal, appellant contends it was reversible error for the circuit court to fail to ensure a verbatim record of both the discussion that took place when the jury note was received and the replaying of the recording for the jury. He argues that the circuit court erred in failing to follow Administrative Order No. 4 (requiring a verbatim record) and Arkansas Code Annotated section 16-89-125(e) (Repl. 2005)—Jury instructions and deliberations, which provides:

> After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of or after notice to the counsel of the parties.

Appellant correctly notes that noncompliance with section 16-89-125(e) gives rise to a presumption of prejudice, and the State has the burden of overcoming that presumption. *Terry v. State*, 2019 Ark. 342, at 4 (citing *Clayton v. State*, 321 Ark. 602, 906 S.W.2d 290 (1995)). Appellant further cites *Davlin v. State*, 313 Ark. 218, 853 S.W.2d 882 (1993), in which this court held that the fact that the defendant was not present when a videotape of the victim's statement was replayed to the jury and the fact that the record was silent as to what occurred during the replaying of the tape gave rise to a presumption of prejudice, which the State failed to rebut. Finally, appellant points to this court's duty to review all errors prejudicial to an appellant who is sentenced to life imprisonment. Ark. Code Ann. § 16-91-113(a); Ark. Sup. Ct. R. 4-3(a) (2021).

The arguments raised in the first point on appeal dovetail with the second point— that appellant was deprived of his Sixth Amendment right to counsel at the hearing to settle the record. The State concedes that appellant was unrepresented at the hearing but argues

3

that the issue is barred because it was not raised below. Specifically, the State argues that while Ms. Kiel was present and sought to participate in the hearing, the issue is barred on appeal because she did not specifically argue that appellant's right to counsel would be violated if she were not allowed to participate as counsel. We disagree. There was no affirmative waiver of appellant's right to counsel at the hearing. *See Bledsoe v. State*, 337 Ark. 403, 989 S.W.2d 510 (1999) (discussing the requirements for establishing a voluntary and intelligent waiver of the right to counsel). Clearly, there is no basis for a finding that appellant waived his right to counsel under the circumstances presented here.

Next, the State contends that the hearing to settle the record was a "post-judgment, appellate proceeding [that] simply was not a critical stage of Lewondowski's prosecution." Regarding what constitutes a critical stage of a defendant's case, this court has stated:

> It is a basic principle of both our state's and our nation's constitutional law that a criminal defendant has the right to be present in person and by counsel at any critical stage in his or her case. A criminal defendant has a Sixth Amendment right to an attorney at every critical stage of the proceedings. A criminal defendant has a due process right to be present at critical stages of the proceeding. The complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable.
>
> A critical stage in a criminal proceeding is every stage where substantial rights of the criminal defendant may be affected. "A critical stage in a criminal proceeding is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage."

*Anderson v. State*, 367 Ark. 536, 542, 242 S.W.3d 229, 234 (2006) (citations omitted). Here, given that the lack of a verbatim record surrounding the jury note and the replaying of the interview is a point on appeal, it is clear that the hearing to settle the record constituted a

4

critical stage of the proceedings. Appellant's rights were affected by the testimony at the hearing to settle the record, and the circuit court erred by denying him the right to counsel. Accordingly, we remand to the circuit court for another hearing to settle the record—this time with appellant represented by counsel.

Remanded to settle the record.

*Hancock Law Firm*, by: *Sharon Kiel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.