Paul LATHAM *v.* STATE of Arkansas

93-1159                                    883 S.W.2d 461

Supreme Court of Arkansas
Opinion delivered September 19, 1994

*Charles A. Potter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Paul Latham, was convicted of rape and sentenced as an habitual offender with seven previous felony convictions to 75 years imprisonment. He contends the Trial Court erred by excusing, without notice to him, one of the jurors selected for the trial and by refusing to suppress hearsay testimony. We decline to reverse the decision with respect to excusing the juror as no prejudice was demonstrated, and we hold the testimony objected to fell within the excited utterance exception to the rule prohibiting introduction of hearsay testimony. The conviction is thus affirmed.

The victim danced with Mr. Latham at a nightclub. He asked her to give him a ride home. She agreed to do so. She testified she pulled her truck off the road and voluntarily kissed Mr. Latham, but when he began to fondle her breasts she protested. He grabbed her throat and told her to lie back, and she continued to protest as he removed her clothing and penetrated her.

Within thirty minutes of the incident, the victim returned to the home she was sharing with her mother and her mother's companion, Ronald Sams. She initially encountered Mr. Sams, who testified that she was noticeably upset but would not say what was wrong until after he questioned her. After learning what had happened, Mr. Sams awakened the victim's mother who testified the victim was crying and upset but that she (the mother) "had to keep talking to her to get the information out of her." The victim was reluctant to talk about the incident or report it to the police due to her feeling she might be to blame in view of the voluntariness of her initial physical contact with Mr. Latham.

The trial began on Wednesday, June 23, 1993. On the previous Monday, a jury of twelve persons and one alternate was selected. On the morning of June 23, 1993, prior to the beginning of the trial and prior to administering the oath to the jury, the Court advised the defense that he had excused one of the selected jurors to allow the juror to attend a job interview on the day scheduled for trial. The Court said he tried but could not reach defense counsel prior to excusing the juror, and that he

was substituting the alternate juror who had been selected earlier. Mr. Latham's counsel objected to the Court excusing the juror without notice.

### 1. Excusing the juror

Mr. Latham argues it was reversible error to excuse a juror without affording him an opportunity for notice and a hearing. He contends the Trial Court abused its discretion when it excused an impaneled juror solely because the trial date conflicted with a job interview. He also contends the excusal of a juror and elevation of an alternate is a "substantive step" in a criminal proceeding that requires the presence of the defendant and that he need not demonstrate any prejudice resulting from his absence.

### a. Abuse of discretion

Arkansas Code Ann. § 16-30-102(a) (Repl. 1994) states in relevant part, "Alternate jurors, in the order in which they are called, shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties." Mr. Latham argues a juror does not become "unable or disqualified" by the prospect of missing a job interview.

The statute offers no guidance on the circumstances in which a juror becomes "unable or disqualified." The record shows the Trial Court considered the financial hardship that would result if the juror missed the job interview and concluded the juror would have "had a financial and economic emergency or opportunity that would be lost" if he were required to serve.

In *People* v. *Diefenderfer*, 784 P.2d 741 (Colo. 1989), the question was whether a mistrial should have been declared because the Trial Court, prior to the beginning of the trial, excused a juror on the basis of "pressing business concerns." It was held that, because the excusal occurred prior to the trial, no prejudice occurred.

We cannot say the Trial Court abused its discretion here, and even if it had, there has been no demonstration of prejudice. In *Heinze* v. *State*, 309 Ark. 162, 827 S.W.2d 658 (1992), it was argued that the Trial Court erred in excusing a juror during a trial when it was discovered the juror was not a registered voter. We declined to reverse absent a showing of prejudice.

## b. Defendant's presence

Mr. Latham argues the Trial Court's action excusing a juror constituted a substantial step in the proceedings against him at which his presence was required. The State replies that we should not consider the issue because no such objection was raised at the trial. Counsel objected on the ground of lack of notice to the defendant. Obviously, had the defendant been present, he would have had notice. We think the objection was sufficient.

Here is what we have said recently about the law on which Mr. Latham relies:

> It is a basic principle of both our state's and our nation's criminal procedure that a defendant has the right to be present in person and by counsel when a substantial step is taken in his case. *Bell* v. *State*, 296 Ark. 458, 757 S.W.2d 937 (1988). One expression of this basic principle can be found at Ark. Code Ann. § 16-89-103(a)(1) (1987), which states that a defendant indicted for a felony *must* be present during trial (emphasis added). This court has applied the "substantial step of the case" requirement to an earlier version of section 16-89-103. *Bearden* v. *State*, 44 Ark. 331 (1884). *Bearden* held that when a defendant is absent from a substantial part of the proceedings, reversal is required and the defendant need not demonstrate prejudice. The rereading of instructions to the jury constitutes a substantial step in a defendant's case, *Kinnemer* v. *State*, 66 Ark. 206, 49 S.W. 815 (1899), as does the instructing of the jury when the trial judge, accompanied by counsel for both parties, enters the jury room to read the instructions. *Stroope* v. *State*, 72 Ark. 379, 80 S.W. 749 (1904).

That statement is from *Davlin* v. *State*, 313 Ark. 218, 853 S.W.2d 882 (1993), in which we reversed a conviction because a video tape of Davlin's confession which had been admitted in evidence was replayed for the jury during its deliberations absent the presence of the defendant but in the presence of his counsel who objected to the defendant's absence.

While it is easy to conclude a defendant is absolutely entitled to be present when evidence against him is presented to a jury, it is much more difficult for us to conclude that a court's

excusal of a juror constitutes the sort of "substantial step" to which the absolute rule should apply. Mr. Latham cites no authority in support of that proposed conclusion, and we know of none. His brief merely says, "Is such action a substantive step in the proceedings? The question can only be answered in the affirmative, requiring a reversal." The authority we have encountered is to the contrary.

For example, in *United States* v. *Patterson*, 819 F.2d 1495 (9th Cir. 1987), a juror was excused and replaced by an alternate during the trial on the ground of a death in the excused juror's family. The Trial Court's action was announced at the beginning of a new day of trial, and the defendants were given no opportunity to be heard. Defendant Brown objected and argued that it was error to excuse the juror outside his presence in that it deprived him of due process and the right to be present at every stage of the trial. Fed. R. Crim. P. 43(a). The Court of Appeals said:

> Failure to afford a defendant the opportunity to be heard prior to a juror being excused is not grounds for reversal without a showing of prejudice. *See United States* v. *Lustig*, 555 F.2d 737, 745-46 (9th Cir. 1977), *cert. denied*, 434 U.S. 1045 . . . .
>
> * * *
>
> Brown presents no showing of prejudice from the excusal. While it may have been preferable in retrospect to give Brown an opportunity to be heard during the excusal conference, the omission should not be considered reversible error given the expedition the circumstances required.

The selection of the persons to sit in judgment of an accused is, no doubt, a most important part of a trial. Mr. Latham was accorded the right to be present when that occurred. We do not, however, regard the subtraction of one of those persons and replacement with another person, previously selected in Mr. Latham's presence and presumably with his participation, as an act of the sort we addressed in the *Davlin* case. We agree with the United States Court of Appeals for the Ninth Circuit that the failure to accord a defendant a chance to object in such circumstances is error, but it is not of the fundamental sort invoking the

"substantial step" rule. We thus will require a showing of prejudice just as we did in *Heinze* v. *State, supra.*

■    The only prejudice Mr. Latham suggests is that the trial was to be a one-day affair thus he could not reasonably have anticipated the seating of an alternate juror so he gave less attention to the selection of the alternate than he gave to those selected for the regular panel. That argument does not persuade us that Mr. Latham was prejudiced; it shows only that he may have misperceived the purpose of alternate jurors and underestimated their possible importance.

## 2. Excited utterance

Mr. Latham moved in limine to exclude testimony by the mother of the victim and Mr. Sams with respect to the statements made by the victim when she returned to their residence shortly after the alleged rape.

The victim's statements to be reported by these witnesses were hearsay. The question is whether they fell within the "excited utterance" exception. The exception is described in Ark. R. Evid. 803(2) as follows: "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

Mr. Latham contended that the remarks could not be excited utterances because they were not spontaneous. Instead, they were made in response to questions and thus lacked the sincerity carried by a spontaneous, unsolicited comment. As his sole authority he cites Professor Imwinkelried's remark that the statement's spontaneity is its guaranty of truthfulness. E. Imwinkelried, *Evidentiary Foundations*, p. 187 (1980). No authority is cited holding or even saying that a response to a question may not be an excited utterance in the sense of the rule.

■■ In *Smith* v. *State*, 303 Ark. 524, 798 S.W.2d 94 (1990), we quoted with approval from *United States* v. *Iron Shell*, 633 F.2d 77 (8th Cir. 1980), the statement that it is "not controlling" that a declarant's statement was made in response to an inquiry, noting that is merely a factor a court must weigh in determining whether the testimony falls within the exception. Mr. Latham concedes the victim's statements to the witnesses were otherwise

qualified to fall within the "excited utterance" exception. Admissibility of evidence is a decision within the discretion of a trial court. *Marx* v. *State*, 291 Ark. 325, 724 S.W.2d 456 (1987). We cannot say the Trial Court abused its discretion in this instance.

Affirmed.