SLIP OPINION



Cite as 2017 Ark. 210

# SUPREME COURT OF ARKANSAS.
**No.** CR–16–1126

| | |
|---|---|
| PAUL W. LATHAM<br>APPELLANT | **Opinion Delivered** JUNE 1, 2017 |
| V. | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT AND APPELLANT'S PRO SE MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF<br>[NO. 46CR-92-308] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE BRENT HALTOM, JUDGE |
| | <u>REVERSED AND REMANDED; MOTION MOOT</u>. |

## PER CURIAM

In 1993, appellant Paul W. Latham was found guilty by a jury in the Miller County Circuit Court of rape. He was sentenced as a habitual offender who had been adjudged guilty of four or more prior felonies to seventy-five years' imprisonment. We affirmed. *Latham v. State*, 318 Ark. 19, 883 S.W.2d 461 (1994).

In 2016, Latham filed in the trial court a pro se petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016).[1] The trial court denied the petition, and Latham brings this appeal. Also before us is Latham's motion seeking an extension of time to file a reply brief in the appeal.

---

[1]Latham named the director of the Arkansas Department of Correction as a party to the action, but claims under section 16-90-111 are properly filed against the State. As the petition was filed on the trial court's criminal docket and acted on as an action challenging the judgment imposed by the State, Latham's error in naming the director as a party created no harm.

We need not consider Latham's arguments concerning the merits of his petition for relief under the statute because we find good cause to reverse and remand the matter so that a different circuit judge can rule on the petition. Accordingly, the motion for extension of time to file a reply brief in the appeal is moot.

Latham contends in his brief that the order should be reversed because the judge who ruled on his section 16-90-111 petition served as the prosecutor at his trial, a statement which is borne out by the face of the judgment. We have held it is not, in and of itself, error for a trial judge to preside over a case involving a defendant whom the judge previously prosecuted for a *separate* crime. *Irvin v. State*, 345 Ark. 541, 553, 49 S.W.3d 635, 643 (2001). As stated, the judgment in Latham's case reflects that the judge who ruled on his petition was, in fact, the prosecuting attorney at his trial for the offense at issue.

A serious appearance of impropriety is created when a judge rules in a case in which he or she prosecuted the petitioner at trial in that case. Judges must refrain from presiding over cases in which they might be interested. *Reel v. State*, 318 Ark. 565, 886 S.W.2d 615 (1994). *Elmore v. State*, 355 Ark. 620, 144 S.W.3d 278 (2004). The judge's decision in this case is cause to reverse and remand the matter so that a different circuit judge can consider Latham's petition.

Reversed and remanded; motion moot.

*Paul W. Latham*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.